[Civ. No. 10129. Second Appellate District, Division Two.—June 27, 1935.]

E. GERTRUDE JONES, Respondent, v. BOARD OF TRUS
TEES OF THE CULVER CITY SCHOOL DISTRICT
IN THE COUNTY OF LOS ANGELES, STATE OF
CALIFORNIA et al., Appellants.

Everett W. Mattoon, County Counsel, and Ernest Purdum, Deputy County Counsel, for Appellants.

Tanner, Odell & Taft for Respondent.

FRICKE, J., *pro tem.*—Respondent was for some years employed as a permanent teacher of music in one of the schools of Culver City.  On May 11, 1933, appellant board passed a resolution "That the subject of music be discontinued in the schools of this district at the end of this school year", and instructed the clerk of the district to notify respondent that she was dismissed, the dismissal to become effective at the end of the school year "by reason of the discontinuance of the subject of music".  Respondent was given written notice of this action and was not permitted to begin teaching her subject at the opening of the following school year.  She brought this action for writ of mandate to be admitted to her employment as a permanent full-time teacher of music.  The trial court granted the writ and also gave judgment for the amount of her salary for the months preceding the trial, which took place in July, 1934.

It appears that during the school year of 1933–34, following the action of the school board, the subject of music was not discontinued at the school but that the instruction in this subject was given by other teachers in addition to their teaching of other subjects.

The first question raised is whether under section 5.710 of the School Code respondent could be dismissed.  That section, so far as applicable here, provides that "whenever it becomes necessary to decrease the number of permanent employees in a school district . . . on account of the discontinuance of a particular service in such district the governing board may dismiss such employee at the close of the school year".  Does this case involve "the discontinuance of a particular kind of service"?  An examination of the various passages of the School Code "shows that 'to teach' is 'to

serve' and *vice versa,* and that 'services' of the teacher are 'teaching' and 'teaching' is 'services' ''. (*Fuller* v. *Berkeley School District,* 2 Cal. (2d) 152 [40 Pac. (2d) 831].) Section 5.710 would seem, therefore, to include the discontinuance of a particular kind of teaching; and is not limited to the discontinuance of the teaching of a particular subject. Thus by a change in the method of teaching or in the particular kind of service in teaching a subject, there is a discontinuance of the former ''particular kind of .service'' (*Fuller* v. *Berkeley School District, supra.*) The rule of the case last cited was adopted as controlling in *Davis* v. *Berkeley School District,* 2 Cal. (2d) 770 [40 Pac. (2d) 835], in which the service of three traveling teachers in art was discontinued and the subject thereafter taught by other teachers. The court held that the discontinuance of the particular service of traveling art teachers authorized the dismissal of the teachers performing that service. Respondent here argues that since the teaching of music was continued and covered the same branches of the subject as the instruction previously given by her, there was no discontinuance of a particular service. This argument rests upon the premise that the instruction under one form of service is identical with the other. If this were true then there was no occasion for the creation of the service furnished by respondent in the first place; but it is more reasonable to believe that there is a substantial difference, and the creation of the service rendered by respondent is of itself evidence that the service was of a special and particular character. ■ There appears to us an obvious difference between the service rendered by a teacher specializing and instructing in but one subject and the teaching of that subject by classroom teachers as but one of a number of subjects. The service which respondent here rendered was a ''particular kind of service'' within the meaning of the School Code.

■ There remains the question as to whether the action of the school board did discontinue the service which respondent had been rendering. The resolution is ''That the subject of music be discontinued'', and in no part even suggests that it is the object of the resolution to continue the subject of music under other teachers and to discontinue merely the particular service rendered by respondent. ■ Furthermore, since music is one of the prescribed branches of

study (School Code, sec. 3.761), a resolution to wholly discontinue the teaching thereof was beyond the powers of the board. The written notice to respondent likewise declares that the school board "did on May 11, 1933, discontinue the subject of music". There is neither a substantial compliance nor any effort at compliance with section 5.710, and the effort toward the dismissal of respondent was invalid and ineffectual.

The judgment is affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1935.