[Civ. No. 6295.    Third Appellate District.—April 22, 1940.]

MARIE D. CHAMBERS, Respondent, v. BOARD OF TRUSTEES OF CITY OF MADERA SCHOOL DISTRICT et al., Appellants.

George Mordecai, District Attorney, and Everett L. Coffee, Deputy District Attorney, for Appellants.

David E. Peckinpah and L. N. Barber for Respondent.

TUTTLE, J.—Respondent filed a petition for a writ of mandate in the trial court to compel appellants, as trustees of Madera City School District, to reinstate her in her position of school nurse. Judgment granting the writ was entered, and the trustees now appeal from the same.

Respondent had been employed by appellants for some thirteen years as nurse in the city schools of Madera. Prior to this action, no objection of any character was ever raised by appellants over the manner in which she performed her duties. She had attained the status of a "permanent employee" under the provisions of the School Code.

On March 7, 1939, the respondent board of school trustees adopted the following resolution:

"Mrs. Ransom moved, and Mr. Gordon seconded the motion, that the position of school nurse of the City of Madera School District be, and is hereby abolished, to become effective June 30, 1939. Those voting for the motion were Mrs. Ran-

som and Mr. Gordon. Mr. Hughes was recorded as not voting. The motion carried.''

Following this, the respondent board served upon Mrs. Chambers the following notice:

'' 'Notice.

''To Mrs. Marie Chambers:

''You are hereby notified that the board of trustees of City of Madera School District, on the 7th day of March, 1939, at a meeting duly held pursuant to law, and upon motion duly made and carried, discontinued the position of School Nurse in said City of Madera School District; that by reason of the discontinuance of said position of School Nurse it has become necessary to decrease the number of permanent employees in said School District, and that after the termination of this present school year, to-wit, July 1, 1938, to June 30, 1939, your services will no longer be required by said City of Madera School District.

'' 'You are hereby further notified to appear at a hearing before the Board of Trustees of said School District on the 11th day of April, 1939, for the purpose of determining whether or not you have the necessary qualifications and certification and are qualified and competent to perform the duties rendered by the probationary teachers or certified employees now employed, or will be employed for the ensuing year, to-wit, from July 1, 1939, to June 30, 1940, in said City of Madera School District.' ''

The court found the facts substantially as they are alleged in the petition:

''That on the 7th day of March, 1939, the respondents, at a meeting of the board of trustees of the City of Madera School District, adopted a resolution discontinuing the position of School Nurse in said School District; that the said resolution did not purport to discontinue the kind and type of service theretofore rendered by petitioner, but respondents in fact intended to provide a temporary service of the same kind and character until petitioner could be deprived of her position as a permanent employee of said District; that at the time of adopting the said resolution, the respondents had no reasonable ground to believe that the health service of the said school district could be improved by discontinuing the position of School Nurse; that the said resolution was unreasonable, arbitrary and discriminatory, and was adopted for the pur-

pose of depriving petitioner of her position as a School Nurse in violation of her right as a permanent employee of said District.''

Judgment was entered as follows:

''It is ordered, adjudged and decreed that a peremptory writ of mandate issue out of, and under the seal of this court, directing the respondents to rescind that certain resolution adopted by the Board of Trustees of the City of Madera School District upon the 7th day of March, 1939, discontinuing the position of School Nurse in the said School District, and to employ the petitioner Marie D. Chambers in said position for the school year commencing on the first day of July, 1939, and ending on the 30th day of June, 1940.''

■ The findings quoted are questioned in two particulars. First, it is urged that there is no evidentiary support for the finding that ''respondents (appellants here), in fact intended to provide a temporary service of the same kind and character until petitioner could be deprived of her position as a permanent employee of the said district''. Witness Mabel Johnson testified that she attended a meeting of the school board when the dismissal of respondent was discussed. She testified that one of the appellants stated that she had been to Sacramento about the matter, and that the only way they could get rid of respondent was to abolish the position for one year. Other witnesses testified that some of appellants had stated they wished to employ a physician. Respondent Gordon also testified that the board intended to employ a physician in place of respondent. The finding is supported by sufficient evidence. ■ Second, it is contended that the finding that appellants ''had no reasonable ground to believe the health service of the said School District could be improved by discontinuing the position of school nurse'' lacks evidentiary support. There is ample evidence to show that appellants were not actuated by a desire to improve the service, but to discharge respondent. Witnesses testified that appellants, some time prior to the dismissal, had endeavored to compel respondent to accept a reduction in her salary; that she refused to accept the proposal; that appellants thereupon refused to give respondent a contract for the school year, and that she was compelled to employ a lawyer in order to get the salary due her. Witness Mabel Johnson, who attended a meeting of appellants, testified as to what took place there, as

follows: "They seemed to think she (respondent) was all right, only her salary was too high, and they had asked her to resign, and she wouldn't do it, or take a cut in her wages". There is sufficient evidence to sustain the finding. The court could reasonably infer and conclude that improvement in the health service was not the real reason for the dismissal.

Section 1.110 of the School Code provides as follows:

"For the purposes set forth elsewhere in this Chapter, said Boards may appoint a physical inspector, or physical inspectors, as the Board may determine, to consist of a physician, teacher, nurse, occulist, dentist, optometrist, or any one or more of said persons. In case of the appointment of more than one physical inspector, said inspectors may, in the discretion of the Board, all be chosen from any one of the classes designated. Said Board may also appoint such number of nurses and dental hygienists as it may be deemed necessary to work under the direction of the physical inspector or inspectors, and may provide for the compensation of such employees, but no money set aside for the payment of teachers' salaries or for library purposes may be used for this purpose."

Section 5.711 of the same code provides:

"Whenever it becomes necessary to decrease the number of permanent employees in a school district on account of the discontinuance of a particular kind of service in such district, the governing Board may dismiss so many of such employees as may be necessary at the close of the school year. In making such dismissals, employees shall be dismissed in the inverse of the order in which they were employed."

▮ Appellants contend, that although the findings are supported by the evidence, they do not support the judgment. They argue that appellants had the right to dismiss respondent, and to employ a physician in her place. This, they say, would not contravene the School Code, section 5.711, because it is a discontinuation of "a particular kind of service", and the substitution of another. The fallacy of this contention lies in the fact that the School Code, section 1.110, authorizes the board to establish but *one* kind of service—that of *health inspector*. The six professions enumerated there are merely descriptive, and are in the nature of a limitation upon the employing powers of the school board. The subsequent employment of a physician by the board, this being their inten-

tion according to the undisputed evidence, would be a continuation of the services of health inspector, the identical position held by respondent. ■ We agree with appellants' contention that a school board has wide discretion in the matter of selecting employees, but where, as here, that discretion has been once exercised, and the employee has acquired the status of a permanent employee, the law will not, under the theory of further discretionary power, permit the dismissal of that employee for the sole purpose of employing another whose qualifications may seem more desirable.

We have examined the cases cited by appellants. In none of them was it found that the position was discontinued for the sole purpose of employing another under the same designation. In *Jones* v. *Board of Trustees,* 8 Cal. App. (2d) 146 [47 Pac. (2d) 804], it was held that the school board had the right to discontinue the teaching of music by a permanent teacher, and to continue the teaching of that subject through other teachers already employed. There was no finding that the dismissal was made for the purpose of employing another under the same designation.

In effect, the court found that the dismissal of respondent was not made in good faith, but was made for the purpose of evading the tenure provisions of the School Code. The evidence supports the findings, and, in turn, the findings support the judgment. The judgment is therefore affirmed.

Lemmon, J., *pro tem.,* and Thompson, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1940.