[Civ. No. 25020.   First Dist., Div. Four.   Mar. 20, 1969.]

SYLVIA EASTHAM et al., Plaintiffs and Respondents, v. SANTA CLARA ELEMENTARY SCHOOL DISTRICT et al., Defendants and Appellants.

John R. Kennedy, County Counsel, and Robert T. Owens, Deputy County Counsel, for Defendants and Appellants.

Johnson & Stanton and Thomas E. Stanton, Jr., for Plaintiffs and Respondents.

CHRISTIAN, J.—Santa Clara Unified School District appeals from a judgment directing issuance of a writ of mandate compelling the district to apply its salary schedule for certificated personnel to two school nurses.

Alice Niles and Sylvia Eastham, respondents before us, were first employed by the district in 1950 and 1954, respectively. Each completed a three-year probationary period and became a permanent employee of the district in the position of school nurse. Both hold credentials required for this position (Ed. Code, § 13197) and have continued in that employment to the present time.

From the time respondents were first employed by the district until the 1963-1964 school year, they and other elementary school nurses were treated the same as teachers for salary purposes; both classes of employees received the same starting pay and periodic increases according to a schedule of seniority. In May 1963, the governing board of the district changed its salary policy for elementary school nurses; although starting pay of nurses was still to be regulated by the general salary schedule, nurses were no longer to be allowed to advance on the schedule beyond a given point. The board thus established a maximum salary for school nurses. The reason for this change in policy was the trustees' belief that a gap had developed between the pay of school nurses and the salaries generally earned in the nursing profession. Respondents had already advanced beyond the new maximum placed upon school nurses' salaries; respondents' salaries were therefore fixed at the level which they had then attained. In the succeeding years, respondents' salaries have remained constant while annual salaries of the district's teachers of equal seniority have increased over the amounts received by respondents.

After seeking administrative relief respondents obtained a writ of mandate commanding appellants to place respondents on the salary schedule as though the 1963 policy change had not been made and to pay them salaries accordingly. ■ The district appeals, contending that the board acted within its power in placing a ceiling upon respondents' salaries. The claim is that nurses constitute a distinct class of certificated employees, apart from school teachers, and that it was not arbitrary to classify them separately for salary purposes.

■ Both teachers and school nurses are ''certificated''

employees; that is, both are required by different provisions of the Education Code to have a "credential" (Ed. Code, §§ 13189 [teacher], 13197 [nurse]). Nurses and teachers attain permanent status after a three-year probation period (Ed. Code, § 13304; see *Chambers* v. *Board of Trustees* (1940) 38 Cal.App.2d 561 [101 P.2d 727].)

The governing board of the school district is empowered to determine salary schedules for all certificated employees (Ed. Code, § 13502). Permanent certificated employees have a right to continue in the grade or rank which they have attained (*Chambers* v. *Board of Trustees, supra,* 38 Cal.App.2d 561; *Cullen* v. *Board of Education* (1932) 126 Cal.App. 510 [15 P.2d 227, 16 P.2d 272]), but the governing board of a school district has discretionary power to change or freeze salaries of such employees (*Rible* v. *Hughes* (1944) 24 Cal.2d 437 [150 P.2d 455, 154 A.L.R. 137]; *Brown* v. *Hanford Elementary School Board* (1968) 263 Cal.App.2d 170 [69 Cal.Rptr. 154]; *San Diego Federation of Teachers* v. *Board of Education* (1963) 216 Cal.App.2d 758 [31 Cal.Rptr. 146].)

Respondents rely on *Aebli* v. *Board of Education* (1944) 62 Cal.App.2d 706, 754 [145 P.2d 601], where the San Francisco Board of Education had for several years rated new teachers for salary purposes on the basis of past teaching experience whether or not obtained in San Francisco. Then the board changed this policy and decided not to give credit for teaching experience gained in schools outside San Francisco. The court held unlawful the board's attempt to apply its new policy, both retroactively and prospectively, to teachers employed under the original policy: "The board has no power to discriminate against any teacher. It cannot pick out some teachers in a particular category, and without a change in duties or functions, classify that group for salary purposes different from others in the same category [citation], nor can it reduce salaries in an arbitrary, capricious, or unreasonable manner.[Citation.]

"When the board has once adopted a policy and, without fraud, error or mistake, rates a teacher under that policy, although the board may change its policy as to new entrants into the department, it has no power years later to go back and review that teacher's case, and to re-rate that teacher prospectively, on the theory that the original rating was too high. The board having once acted lawfully in rating a teacher has exhausted its power over that subject matter." (62 Cal.App.2d

754, 758; also see *Barnes* v. *Board of Trustees* (1963) 218 Cal. App.2d 881 [32 Cal.Rptr. 609].)

Appellants respond that the original application of the school teacher salary schedule to respondents and other school nurses did not constitute a board decision that the two should forever be equivalent in rank, that it is not unlawful to categorize nurses separately from teachers for salary purposes, and that the board's later change of policy was not arbitrary.

The fact that the district for a time applied the same salary schedule to nurses and teachers does not establish that it was arbitrary and unreasonable to change that policy. The salary schedule relied on by respondents recites that the training and experience of teachers and nurses was "not parallel." The credentials which nurses and teachers must possess, although each requires five years of training, are different; while an elementary teacher must possess a "standard teaching credential" with a specialization in elementary teaching (Ed. Code, § 13189), the school nurse must have either a "health and development credential" or a "standard designated services credential" with a specialization in health (Ed. Code, §§ 13197, 13297). The duties of a nurse obviously differ from those of a teacher. There was evidence supporting the board's conclusion that different levels of competitive salary had evolved for the two positions. These circumstances distinguish the present case from *Aebli, supra,* where the court held invalid an arbitrary discrimination between two groups of teachers whose duties were identical and whose qualifications were not materially different. The school board has the power to classify certificated employees, even those with tenure, differently according to training, experience and duties (Ed. Code, § 13502; *Rible* v. *Hughes, supra,* 24 Cal.2d 437; *Fry* v. *Board of Education* (1941) 17 Cal.2d 753 [112 P.2d 229]; *Lawe* v. *El Monte School Dist. of Los Angeles County* (1968) 267 Cal.App.2d 20 [72 Cal.Rptr. 554]; *San Diego Federation of Teachers* v. *Board of Education, supra,* 216 Cal.App. 2d 758); there is no showing that the board exercised that power arbitrarily in the present case.

The judgment is reversed.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied April 18, 1969, and respondents' petition for a hearing by the Supreme Court was denied May 14, 1969.