488 P.2d 498

Donald **EDWARDS**, et al., Appellants,

v.

**ALHAMBRA ELEMENTARY SCHOOL DISTRICT #63 et al., Appellees.**

No. I CA–CIV 1579.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 13, 1971.

Rehearing Denied Oct. 18, 1971.
Review Denied Nov. 16, 1971.

Moise Berger, Maricopa County Atty. by Albert I. Firestein, Chief Civil Deputy, Phoenix, for appellees.

JACOBSON, Presiding Judge.

The sole question for determination by this appeal is whether a school district may discriminate for purposes of payroll deductions for union dues between certified personnel (teachers) and non-certified personnel (non-teachers).

Plaintiffs-appellants are employees of the defendant-appellee school district engaged in non-teaching functions such as maintenance and bus driving. Plaintiffs are also members of the Arizona Public Employees Union Local No. 1178. Prior to filing suit in this matter, plaintiffs made a written request to the defendant-appellee Board of Trustees of Alhambra Elementary School District No. 63 to deduct from their respective pay checks amounts due the Arizona Public Employees Union Local No. 1178 for union dues. This request was denied and plaintiffs brought suit by way of a special action to compel the payroll deduction request. The Superior Court of Maricopa County denied plaintiff their requested relief. This appeal followed.

There are few basic disputes in the facts. As indicated, plaintiffs are employees of the defendant school district engaged in non-teaching employment and are members of the Arizona Public Employees Union Local No. 1178. This union represents approximately 70 employees out of a possible 73 employees of the school district eligible to join this union. In addition to plaintiffs' union, non-teaching personnel of the defendant school district also belonged to the Arizona Nurses Association, Phoenix School Secretarial Association, Arizona Education Association, Arizona Food Service Association, and the Arizona School Business Association.

For at least six years prior to the time of trial, teaching personnel of the district have been granted the privilege of having payroll deductions made to pay dues to the National Education Association, the Arizo-

Gary Peter Klahr, Phoenix, for appellants.

na Education Association and the local teachers' organization.

The evidence disclosed that members of the Arizona Public Employees Union Local No. 1178 who are employees of other Maricopa County school districts had been granted the right to have payroll deductions made for union dues. These school districts included Phoenix Union and Phoenix Elementary Districts. The evidence further disclosed that payroll deductions were made by the county-wide computer system and that the payroll check stubs in use for all county employees, including those of the defendant school district, had printed space for union dues deductions. While testimony was given as to the added cost to the school district if payroll deductions were allowed for non-teaching personnel, and the number of organizations which could request this privilege if the door was open to plaintiff's union, we do not deem these facts material in arriving at our conclusion.

The question as presented by both parties on this appeal is whether the Board of Trustees of the school district can constitutionally discriminate between teachers and non-teachers for purposes of payroll deductions for union dues. The constitutional requirement is provided by the 14th Amendment to the United States Constitution and Art. 2, Section 13 of the Arizona Constitution. This latter constitutional provision provides as follows:

"No law shall be enacted granting to any citizen, or corporations other than municipal, privileges or immunity which, upon the same terms, shall not equally belong to all citizens or corporations."

It has been held that the "equal protection" clause of this constitutional provision provides the same guarantees as are set forth in the 14th Amendment to the U. S. Constitution. Valley National Bank of Phoenix v. Glover, 62 Ariz. 538, 159 P.2d 292 (1935). It has also been held that the Board of Trustees of public schools in Arizona are representatives of the state to such an extent that their actions are subject to constitutional restraints of state action in deprivation of due process and equal protection. Gonzales v. Sheely, 96 F.Supp. 1004 (D.C.Ariz., 1951).

■ However, neither the state nor federal constitution prohibits all discrimination or inequality of treatment but only requires that all in a given class be treated equally and that the classification itself be reasonable and not arbitrary or capricious. Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 291 P.2d 764 (1956); Schrey v. Allison Steel Mfg., 75 Ariz. 282, 255 P.2d 604 (1953). In other words, the classification for purposes of constitutional unequal treatment between the classes must be founded on reason. Prescott Courier, Inc. v. Moore, 35 Ariz. 26, 274 P. 163 (1929). One of the tests of the reasonableness of the classification is whether there is a substantial difference between those within and those without the class. Farmer v. Killingsworth, 102 Ariz. 44, 424 P.2d 172 (1968).

Both parties agree these basic legal principles apply in this case, but differ as to their application. The fundamental chasm separating the parties is cleaved by the difference in application of the reasonableness test.

Defendants contend that a classification based upon the difference in education, training, and duties between teachers and non-teachers is reasonable. In this regard, defendants point to the constitutionally upheld legislative enactment classifying teachers and nonteachers for purposes of job security (Teacher's Tenure Act, A. R.S. § 15–252, et seq.) and the upholding of differences of salaries based upon a classification between teachers and non-teachers (e. g., Eastham v. Santa Clara Elementary School District 270 Cal.App.2d 807, 76 Cal.Rptr. 198 (1969).

The plaintiffs on the other hand contend that although a classification between teachers and non-teachers based upon the duties, education and employment problems unique to teachers may be reasonable for some purposes, this does not provide carte

blanc reasonableness for classifying for all purposes and in particular, there is no reasonable basis for classification when one is making a payroll deduction for union dues.

With defendants' contention we do not agree. We first observe that teachers in the Alhambra School District and plaintiffs occupy the same general classification insofar as the school district is concerned —they are all employees of the school district. As such employees, normally their rights, obligations and duties to their employer and the corresponding rights, obligations and duties of their employer to them is a matter of contract subject to statutory limitations insofar as teachers are concerned. Thus, we are of the opinion that the properly framed question for our determination is whether there exists a valid reasonable classification between teacher employees and non-teacher employees for the purpose of allowing the school district to contract on different terms of employment between these groups. To make clear that insofar as teachers are concerned, they occupy a unique status in the public education of our youth, we need only point out that the very existence and purpose of a school district depends upon the employment of qualified and dedicated teachers together with the necessity to compete with other school districts for such personnel. Therefore the classification of teachers vis-a-vis, non-teachers for purposes of employment and inducements for employment has long been recognized. *See,* A.R.S. § 15–201 through A.R.S. § 15–260; Eastham v. Santa Clara Elementary School District, *supra.*

One of the inducements which in our opinion could be held out to teachers and withheld from non-teachers, is the privilege of payroll deductions.

We therefore hold, that in the first instance, the Board of Trustees could, by contracts of employment, legally grant as a condition of employment, the right to teachers to have payroll deductions for whatever purposes they may desire and could legally, by contracts of employment,

withhold this same privilege from non-teachers as a condition of their employment. The fact, as far as appears of record, that the privilege of payroll deductions was not a matter of contract between the teachers and the school district is not material. If, as we have held, the classification is reasonable for contract purposes, we see no reason why that classification should become unreasonable when voluntarily applied without a contract.

It should be made clear that this opinion deals with the respective rights and privileges between employees of the school district and does not deal with discrimination as between two unions representing either teachers or non-teachers. *See,* Dade County Classroom Teachers Association, Inc. v. Ryan, 225 So.2d 903 (Fla.1969) and Renken v. Compton City School District, 207 Cal. App.2d 106, 24 Cal.Rptr. 347 (1962).

For the foregoing reasons, the judgment of the trial court is affirmed.

HAIRE and EUBANK, JJ., concur.