625 P.2d 926

**Vincent PASTORE, Plaintiff-Appellant,**

v.

**The ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency, Bill Jamieson, Jr., Director, Defendants-Appellees.**

**No. 1 CA–UB 081.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 15, 1981.

Rehearing Denied Feb. 27, 1981.

Review Denied March 17, 1981.

Vincent Pastore, Tucson, in pro. per.

Robert K. Corbin, Arizona Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

McFATE, Judge (Retired).

In 1971, at the age of forty-eight, appellant retired from the United States Air Force, after twenty years service. He thereafter received military retirement pay,

amounting to $211.00 per month and, on account of a forty percent service-connected disability, the further sum of $257.00 per month.

From July 16, 1978 until October 12, 1979, he was employed at Davis Monthan Air Force Base as a civilian aircraft sheet metal worker, but he was discharged because of lack of work, and on October 15, 1979, filed a claim for unemployment insurance benefits. The claim was denied. On appeal to the appeal tribunal, he received a favorable decision, but on a later appeal by the Department to the unemployment insurance appeals board, this decision was reversed. The appeals board held that appellant was ineligible for benefits because his wages were not "wages from insured work" as defined in A.R.S. § 23–791.

It is this latter decision which appellant seeks to reverse on this appeal.

A.R.S. § 23–791 reads as follows:

*Wages paid to an individual receiving retirement pay.* Wages paid by a base-period employer to an individual whose benefit year begins after December 31, 1978 and who at the time of claiming or receiving benefits is receiving any payment on account of retirement which is based on any previous work for such base-period employer shall not be considered "wages for insured work" within the meaning of paragraph 6 of § 23–771 and §§ 23–607 and 23–779.[1]

The issue presented on this appeal is whether the foregoing statute applies to appellant's wages so as to exclude them from consideration as "wages for insured work." In resolving this issue it is necessary to determine whether the federal government, including its various military and civilian branches, is a single employer.

■ The appellant's base period employer was the United States Air Force at Davis

Monthan Air Force Base. He was, however, a civilian employee, and contends that inasmuch as the Department of the Air Force uses a separate employer account number for the purpose of tax contributions from that used by the Department of Civil Service, the two are distinct employing entities, and therefore A.R.S. § 23–791 does not disqualify him from benefits. We are not impressed by this argument. The two entities are simply divisions or activities of a single centrally controlled employing unit, the United States.

This conclusion is in accord with the United States Department of Labor Employment Security Manual, Part V, Sec. 6661, which provides in part:

A. *State law provisions*

1. *United States a single employer.* For the purpose of deducting Federal civil service annuity payment and U. S. military and veterans' retirement and pension payments from UCFE and UCX benefits, all Federal civilian employment and U. S. military service is considered to be employment for a single employer—the United States.[2]

Appellant argues that under A.R.S. § 23–791 and a department rule (local rule 3–18–6036–5i—an unpublished local rule for guidance of local office personnel, which was in effect at the time), he, as a military retiree, has been unreasonably classified in a manner to deprive him and similarly classified military retirees from unemployment benefits in violation of the 14th amendment of the United States Constitution and art. 2, §§ 3 and 13 of the Arizona Constitution.

■ The equal protection clauses of the state and federal constitutions do not prohibit all discrimination or inequality of treatment but only require that all in a

---

1. A.R.S. § 23–771, par. 6, conditions the payment of weekly benefits on the payment of designated minimum base pay wages and requires that the benefit year begin only after the employer becomes subject to the Act. A.R.S. § 23–607 defines "base period wages" as "wages paid to an individual during his base

period for insured work." A.R.S. § 23–779 provides the method for computing benefits.

2. UCFE refers to Unemployment Compensation Federal Employees, and UCX refers to Unemployment Compensation for Ex-servicemen.

given class be treated equally and that the classification itself be reasonable and not arbitrary or capricious. *Edwards v. Alhambra Elementary School District # 63*, 15 Ariz.App. 293, 488 P.2d 498 (1971). One test for reasonableness of classification is whether there is substantial difference between those within and those without the class. *Edwards, supra.* The local procedural rule (3–18–6036–5i) complained of reads as follows:

> If the wage statement shows UCX or UCFE wage credits and the claimant is receiving retirement pay from either the military or from Federal Civil Service, these wage credits cannot be used.

While this rule obviously deals only with federal employees, it does not on its face create a class of claimants who are treated differently from other claimants dealt with by A.R.S. § 23–791. The rule is consistent with and implements that section. It correctly recognizes the fact that military and civil service retirement pay on the one hand, and wages received from federal employment on the other, are derived from the same employer, i. e., the United States. The local procedural rule does not create any new or different rights, or deny any established rights. It is simply an administrative interpretation of A.R.S. § 23–791 for use in evaluating a particular type of claim within the purview of that section. Consequently, if A.R.S. § 23–791 meets constitutional challenge, the rule, alone or in conjunction with that section, does not offend the constitutional provisions relied on by appellant.

It is obvious that under A.R.S. § 23–791, the legislature has separately classified claimants for unemployment compensation who receive retirement pay based on previous work for their base period employers. While appellant strenuously attacks the manner in which he claims the Arizona Department of Economic Security has discriminated against military retirees in its application of A.R.S. § 23–791, he really does not argue that the statutory classification itself is unreasonable. We have not been apprised of any basis for holding that the legislature acted unreasonably in classifying claimants who receive retirement pay based on previous work for their base period employers differently from those claimants who do not.

We hold, therefore, that A.R.S. § 23–791 does not violate the constitutional provisions relied on by appellant.

Appellant advances a further argument that recipients of social security and railroad retirement pensions may work for the United States Government or anywhere else, and if they become unemployed through no fault of their own, they, are not disqualified from unemployment insurance benefits, albeit they receive United States Treasury checks just as appellant does from money which is appropriated from the general fund of the United States. He views this administrative policy as an unconstitutional classification violative of the constitutional provisions above referred to.

On analysis, the thrust of appellant's argument is that the Department, in administering the Employment Security Act, applies an unreasonably different standard to claimants within the same class, which allows benefits to some and denies benefits to others, including himself, thus denying him equal protection under the law.

We have searched the record and find no evidence that wages paid by an employer to a claimant receiving retirement pay based on previous work for such employer has been treated or classified by the Department as "wages for insured work." We may not assume a fact not in the record, and the subject is not something of which the court may take judicial notice.

However, assuming that the Department did allow unemployment benefits to federal employees who were recipients of social security or railroad retirement pensions, the allowance would not violate § 23–791, nor would it create a special class of claimants among those intended to be covered by that section unless the retirement pay is based on previous work for the base period employer, i. e., the federal employing agency. The fact that an employee

receives retirement pay by way of United States Treasury checks does not necessarily imply that such retirement pay is based on previous work for the United States. We believe it is common knowledge that most wages for previous work, on which social security and railroad retirement pay are based, accrued from employment by private industry, not from employment by the United States Government. Hence, a federal civil service employee who is receiving social security or railroad retirement pay which is based on previous work for XYZ Corp., or the Southern Pacific Railroad, even though his retirement checks may be drawn on the United States Treasury, is not receiving retirement pay "which is based on any previous work for the base period employer" as specified in A.R.S. § 23–791.

We hold that on the record presented to us, the appellant has not been categorized or classified or treated by the Department differently from other employees who receive retirement pay based on previous work for their base pay employer.

Another proposition advanced by appellant is that the director, acting under color of state law, refused to allow appellant to collect unemployment compensation, contrary to 26 U.S.C.A. § 3304(a)(15), which constitutes discrimination prohibited by the Civil Rights Act of 1871, 42 U.S.C.A. § 1983. The argument proceeds on the theory that the State of Arizona failed to comply with the Federal Unemployment Compensation Amendments Act of 1976 which was to become effective March 31, 1980, and which required the State, in the interim, in order to be eligible to participate in the federal program, to provide by law that unemployment compensation shall be reduced to the extent the claimant receives any type of pension. Because the State failed to so provide, appellant argues, the hiatus somehow transformed the federal requirement into a federal law requiring appellee Jamieson to pay appellant unemployment compensation based on the formula provided by the federal act. We see no merit to this proposition.

We note that appellant was unemployed between October 15, 1979 and January 7, 1980, which was before the effective date of the aforementioned Act.

26 U.S.C.A. § 3304(a)(15) provides, in part, as follows:

§ 3304. *Approval of State Laws*

(a) Requirements. —— The Secretary of Labor shall approve any State law submitted to him, within 30 days of such submission, which he finds provides that

.　　.　　.　　.　　.

(15) the amount of compensation payable to an individual for any week which begins *after* March 31, 1980, and which begins in a period with respect to which such individual is receiving a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment which is based on the previous work of such individual shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity, or other payment, which is reasonably attributable to such week; ... (emphasis added)

There is a conflict between A.R.S. § 23–791 and the above-quoted federal statute. When applicable, the former has the effect of reducing benefits to zero whereas the latter reduces benefits by the amount of retirement pay applicable to the week during which benefits accrued. This conflict, however, is resolved by A.R.S. § 41–1962 which provides that the federal law shall control. Consequently, after March 31, 1980, the federal law is controlling. Prior thereto, however, the director was obligated to give effect to A.R.S. § 23–791. Unfortunately for the appellant, this deprives him of benefits for the period in question.

Appellant's final attack on the board's decision is based on the proposition that the Department of Labor Employment Security Manual Part V, Section 6661(A)(1) conflicts with and must give way to certain other federal regulations and statutes (20 C.F.R. 609.14 and 5 U.S.C.A. § 8501 et seq.), which

clearly distinguish between civilian and military employees and prohibit "the lumping of both together."

20 C.F.R. 609.14 states:

All Federal civilian service for all Federal agencies shall be considered employment with a single employer for purposes of a State unemployment compensation law.

U. S. Title 5, Chapter 85, Subchapter I, Section 8501(1) states:

8501. Definitions

For the purpose of this subchapter—

(1) "Federal service" means service performed after 1952 in the employ of the United States or an instrumentality of the United States which is wholly or partially owned by the United States, but does not include service (except service to which subchapter II of this chapter applies) performed—

. . . . .

(B) as a member of the armed forces;

. . .

We note that "federal service" as defined in Subchapter II includes active service in the armed forces which terminated after October 27, 1958, and that Subchapter I is subject to the modifications made by Subchapter II.

Appellant argues also that the appeals board acted "outside the scope of federal law and regulation" when it relied on § 6661 of the Department of Labor Manual, *supra,* and should have ruled "in accordance with its own state law provisions." We have examined the arguments fully and find no merit to them.

The appeals board's decision is based on the Arizona statute in effect at the time. We have hereinabove considered the issue and held that the appellant's employment, both as a federal civil service employee and as a member of the military service, was for the same employer. What we have outlined hereinabove we believe disposes of this final issue.

Since the wages earned by appellant at Davis Monthan Air Force Base were not "wages for insured work" as defined by A.R.S. § 23–791, during the period in question, and since the statutory classification of employees whose wages and pensions are derived from the same employer has not been shown to be unreasonable, this court is obligated to affirm the decision of the unemployment insurance appeals board.

The decision is affirmed.

OGG and O'CONNOR, JJ., concur.