[Civil No. 4616. Filed December 31, 1943.]

[143 Pac. (2d) 334.]

C. M. MARTIN, Appellant, v. THAD MOORE, D. C.
O'NEIL and JOE HUNT, succeeding Warren
Peterson, as members of the TAX COMMIS-
SION OF THE STATE OF ARIZONA, Ap-
pellees.

Messrs. Langmade & Langmade, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Earl
Anderson, Chief Assistant Attorney General, for Ap-
pellees.

HALL, Superior Judge.—The plaintiff, C. M. Martin, a wholesaler of supplies and merchandise at Phoenix, Arizona, on May 28, 1942, commenced his action for declaratory relief against the members of the State Tax Commission, alleging that a controversy existed between him and the tax commissioners as to the correct construction of certain provisions of the Excise Revenue Act of 1935, as amended by Chapter 2, First Special Session, Laws of 1937 (sections 73–1301 to 73–1334, Arizona Code 1939), and asking that the court determine such controversy.

Thereafter issues were formed upon which the court heard the parties and, on January 18, 1943, rendered judgment. The portion of the judgment involved in this proceeding reads as follows:

"Sales by wholesalers, retailers, dealers, or others, to persons, firms, corporations, or others, licensed to do business under the Excise Revenue Act of 1935, as amended, to contractors, licensed and doing business under the Excise Revenue Act, as amended, are taxable as a retail sale to a consumer, regardless of whether the goods, supplies, merchandise and equipment, or articles sold are shovels, hammers, squares, etc., or cement, lumber, or building material fabricated into the construction by the contractor."

The Legislature was in session when the above judgment was rendered, and on March 1, 1943, there was enacted over the Governor's veto the following legislation (being Chapter 16, Laws of 1943):

"An Act
RELATING TO THE EXCISE REVENUE ACT, AND PROHIBITING THE COLLECTION OF SALES TAX ON CERTAIN MATERIALS SOLD TO CONTRACTORS, AND DECLARING AN EMERGENCY.
Be it Enacted by the Legislature of the State of Arizona:

Section 1. Tax on Materials Prohibited. No excise or sales tax shall be collected on materials heretofore or hereafter sold to a contractor and by him incorporated into work constructed by him under contract, and on which he has paid a tax under the excise revenue Act.

Sec. 2. Declaratory. This Act shall be deemed to be declaratory of existing law.

Sec. 3. Emergency. To preserve the public peace, health, and safety it is necessary that this Act become immediately operative. It is therefore declared to be an emergency measure, to take effect as provided by law.''

■ The question for us to decide is the validity of this legislation. If it is effective, it not only invalidates and sets aside the court's judgment, which both parties hereto admit was correct when rendered, but establishes the law for the future.

The plaintiff has brought the matter to this court seeking its judgment as to whether said legislation is valid.

Said Chapter 16 does not purport to be an amendment of the original act. It neither amends, alters nor repeals. Before an act can amend or revise an existing law it shall be set forth and published at full length, which, of course, was not done in this case.

Section 14, Article IV, pt. 2, of the State Constitution reads:

"No act or section thereof shall be revised or amended by mere reference to the title of such act, but the act or section as amended shall be set forth and published at full length."

The act states that it shall be deemed to be declaratory of existing law. The only issue here is whether or not the Legislature has the power to pass such a law.

Article III of our Constitution provides:

"The powers of the government of the state of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others."

By declaring the meaning of an existing law, the Legislature usurps the functions of the court. The lower court through its judicial powers had properly interpreted the law.

Chief Justice Marshall, in the case of *United States* v. *Peters,* 5 Cranch 115, 136, 3 L. Ed. 53, 59, stated:

"If the legislatures of the several states may, at will, annul the judgments of the courts of the United States, and destroy the rights acquired under those judgments, the constitution itself becomes a solemn mockery; and the nation is deprived of the means of enforcing its laws by the instrumentality of its own tribunals. So fatal a result must be deprecated by all; and the people of Pennsylvania, not less than the citizens of every other state, must feel a deep interest in resisting principles so destructive of the union, and in averting consequences so fatal to themselves."

The Attorney General contends that this court, in *Moore* v. *Pleasant Hasler Construction Company,* 51 Ariz. 40, 76 Pac. (2d) 225, has held that the Legislature had the power to declare the meaning of existing law and that such holding is conclusive in this case. In the *Moore-Hasler* case the court was searching for the legislative intent of an amendment to existing law. As stated before, said Chapter 16 is not an amendment and does not purport to be an amendment to the existing law.

The action, after the enactment of Chapter 16, became one in the nature of an action for a declaratory judgment as to whether said chapter is constitutional or not. We think clearly that said chapter is unconstitutional.

ROSS and STANFORD, JJ., concur.

Because of the illness of Chief Justice Mc-ALISTER, the Honorable WM. G. HALL, Judge of the Superior Court of Pima County, was called in to sit in his place and stead.