641 P.2d 1275

CHEVRON CHEMICAL COMPANY, a Delaware corporation; Standard Oil Company of California, a Delaware corporation; Everett Wingate, dba E. F. Wingate Company; Bert A. Farmer, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, in and for the County of Maricopa, Warren L. McCarthy, Judge; Suzanne L. Hale, surviving spouse of Afton B. Hale, deceased, for and on behalf of herself and her minor children, Real Party in Interest, Respondents.

B. A. DVORAK, M.D., and George S. Craft, M.D., Petitioners,

v.

SUPERIOR COURT of the State of Arizona, in and for the county of Maricopa, and the Honorable Warren L. McCarthy, a Judge thereof; and Paul Balmer and Theresa Balmer, husband and wife, Real Parties in Interest, Respondents.

Dan CLEMENT and Jane Doe Clement, individually and as husband and wife, et al., Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, in and for the County of Maricopa; The Honorable James Moeller, a judge thereof; and Rosa Coldiron, surviving spouse of Bryon Randolph Coldiron, deceased, Respondents.

Nos. 15617–SA, 15636–SA and 15642–SA.

Supreme Court of Arizona, In Banc.

Feb. 4, 1982.

Rehearing Denied March 16, 1982.

Ryley, Carlock & Ralston by Raymond M. Hunter, Phoenix, for petitioner Chevron/Standard.

Robbins & Green by Michael J. O'Grady, Phoenix, for petitioner Chevron.

Sorenson, Moore, Benham, Garrett & Julian by George R. Sorenson, Phoenix, for petitioner Wingate.

D. W. Grainger, Phoenix, for petitioner Farmer.

William R. Jones, Jr., Don C. Stevens II, Phoenix, for respondent Hale.

Browder & Kenney by Robert W. Browder, Phoenix, Brief amicus curiae Rexnord, Inc.

Lewis & Roca, Phoenix, for petitioners Farmer and Craft.

John C. Gemmill, Phoenix, for petitioner Dvorak.

John S. Schaper, Phoenix, Brief amicus curiae Great American Ins. Co.

Snell & Wilmer by James R. Condo, R. Chris Reece, Phoenix, Brief amicus curiae PPG Industries, Inc.

Langerman, Begam, Lewis & Marks by Noel Fidel, Phoenix, Brief amicus curiae Billy Clyde Hartman, Paul C. Lane, Sammie Slivers, and The Arizona Trial Lawyers Ass'n and for real parties in interest and respondent Coldiron.

Jones, Teilborg, Sanders, Haga & Parks, Phoenix, for petitioner Dvorak and respondent Hale.

Roger Kaufman, Phoenix, for petitioner Craft.

Levine & Harris by John D. Harris, Phoenix, for real parties in interest.

Gallagher & Kennedy by Michael L. Gallagher, Kevin E. O'Malley, Phoenix, for petitioners.

Severiano A. Rodarte, Phoenix, for respondent Coldiron.

CAMERON, Justice.

In July and September of 1981, the defendants, in three separate suits, were denied their motions for summary judgment by judges of the Superior Courts. Thereafter, all three defendants, Chevron Chemical Company, Dr. B. A. Dvorak, and Daniel Clement, petitioned this court by way of special action to review the trial courts' decisions. Because there is no plain, speedy and adequate remedy by appeal and because there appear to be numerous other parties similarly situated, we granted the petitions for special action. Since the questions presented in all three petitions were identical, the cases were consolidated for disposition by this court. We also granted the petitions of the various amici curiae to

file briefs. We have jurisdiction pursuant to Rule 8, Rules of Procedure for Special Actions, 17A A.R.S.

We must answer the following questions on review:

1. Is our decision in *Ross v. Superior Court*, 128 Ariz. 301, 625 P.2d 890 (1981), to be given retroactive application?

2. Is section 2 of H.B. 2176, which amends A.R.S. § 23–1023, unconstitutional in that it denies petitioners' due process of law by reviving claims purportedly barred by our decision in Ross, supra?

The facts necessary for a determination of these questions are as follows. In Cause No. 15617–SA, *Chevron Chemical Company v. Superior Court*, Afton Hale was fatally injured in the course and scope of his employment on 20 March 1978. In May and June of 1978, the deceased's wife was notified by the State Compensation Fund of her right to receive benefits and of her right to proceed against third parties not her husband's employer. Four months after the accident, Suzanne Hale assigned her right to proceed against third parties to the State Compensation Fund. Eleven months after the accident, Suzanne Hale requested a reassignment of the right to sue third parties, and on 21 March 1979, one year and one day after the injury, the State Compensation Fund reassigned the claim to her. One month later, on 24 April 1979, Suzanne Hale filed suit against the defendants for the wrongful death of her husband.

In Cause No. 15636–SA, *Dvorak v. Superior Court*, Paul Balmers injured his back while in the course and scope of his employment in July of 1975. He was treated for his injury by defendant doctors in March of 1976. One year later, Balmers' right to proceed against the defendants was assigned, by operation of law, A.R.S. § 23–1023(B), to the State Compensation Fund. More than one year after Balmers' treatment by the defendant doctors, in August of 1977, Balmers allegedly received a reassignment of his right to proceed against the defendants from the State Compensation

Fund. A suit was filed against defendants seven months later, in March of 1978, two years after treatment by defendants.

In Cause No. 15642–SA, *Clement v. Superior Court*, Byron Coldiron was fatally injured while in the course and scope of his employment on 5 January 1978. Benefits were paid to the deceased's wife, Rosa Coldiron, from the State Compensation Fund, and the right to proceed against third parties was automatically assigned to the State Compensation Fund by operation of law in January of 1979. A.R.S. § 23–1023(B), supra. One day less than two years after the injury, on 4 January 1980, Rosa Clement received a reassignment of the right to proceed against third parties from the State Compensation Fund and suit was filed against the defendants on the same day.

All three cases against the third party defendants were proceeding to trial when, on 24 February 1981, this court held, in *Ross v. Superior Court*, 128 Ariz. 301, 625 P.2d 890 (1981), that once the claim has been assigned to the employer or the employer's insurance carrier, it could not be reassigned. This court stated that, as a matter of common law, a "claim assigned to the insurance carrier by operation of law is neither assignable to a third person or reassignable to the insurance claimant." Id. at 302, 625 P.2d at 891. Pursuant to our holding in *Ross*, supra, all three defendants filed motions for summary judgment claiming that because the purported reassignments were invalid, the suits were barred as a matter of law.

On 27 April 1981, in apparent response to our decision in *Ross*, supra, the Arizona legislature passed, and the Governor signed into law, an amendment to A.R.S. § 23–1023 known as H.B. 2176. The amendment provided that any assigned claim "may be reassigned in its entirety to the employee or his dependents" and that "[a]fter the reassignment, the employee entitled to compensation, or his dependents, shall have the same right to pursue the claim as if it had been filed within the first year." H.B. 2176, § 1(B) amending A.R.S. § 23–1023. Moreover, in a section entitled "Existing

claims; assignments," the amendment provides:

"A. Any claim which was or may be commenced pursuant to assignment or reassignment under § 23–1023, Arizona Revised Statutes, as amended by Laws 1968, fourth special session, chapter 6, § 38, and further amended by Laws 1971, chapter 73, § 16, and Laws 1974, chapter 184, § 14, prior to expiration of the statute of limitations and which has not been finally adjudicated or which is currently being appealed or for which time for appeal has not expired shall be valid. After the reassignment, the employee entitled to compensation or his dependents shall have the same rights to pursue the claim as if it had been filed within the first year.

"B. No cause of action shall be revived by this section if that cause of action is barred by a limitation of actions as provided in title 12, chapter 5, Arizona Revised Statutes. The provisions of § 12–505, subsection A, Arizona Revised Statutes, shall not apply to this section." H.B. 2176, § 2(A) & (B), amending A.R.S. § 23–1023.

Having taken the defendants' motion for summary judgment under advisement until this time, the Superior Court judges denied the motions. From a denial of their motions for summary judgment, the defendants in the three actions petitioned this court by way of special action. In accepting jurisdiction in these cases, we note that this court is extremely reluctant to grant a petition for special action based upon a denial of a motion for summary judgment. It is only under the most extraordinary circumstances that we will do so. In the instant case, we accepted jurisdiction because it appears from the pleadings that there are numerous litigants who are uncertain as to the law, and that a decision of this court is necessary to settle the matter and prevent further and unnecessary litigation.

## RETROACTIVE APPLICATION OF ROSS v. SUPERIOR COURT

 As long as the protection of the Workmen's Compensation Act has been ac-

cepted, the employee or his survivors are limited in the amount recoverable from the employer, or what is more often the case, the employer's workman's compensation carrier. The employee may receive an amount for lost wages and medical care, but not for pain and suffering. *Sorenson v. Six Companies, Inc.*, 53 Ariz. 83, 85 P.2d 980 (1939); *Bugh v. Bugh*, 125 Ariz. 190, 608 P.2d 329 (1980). This limitation on the extent of the workmen's recovery is something the employee accepts along with the benefits of the act. The employee does not, however, give up his right to proceed against a negligent third party, and as to this third party, the employee may sue for pain and suffering and other matters normally associated with negligence and tort liability. Even though the employee elects to sue a third party, he is still entitled to accident benefits from the employer. *Pressley v. Industrial Commission*, 73 Ariz. 22, 236 P.2d 1011 (1951). The employer or the employer's carrier, however, has a lien on the amount received from the third party to the extent of the benefits the employer is required by law to provide, and these lien rights are treated as if they were subrogated rights. *Olivas v. United States of America*, 506 F.2d 1158 (9th Cir. 1974); *Liberty Mutual Insurance Co. v. Western Casualty and Surety Co.*, 111 Ariz. 259, 527 P.2d 1091 (1974).

If the employee assigns his cause of action to the employer or if he does nothing and it is assigned to the employer by operation of law within one year pursuant to statute, A.R.S. § 23–1023(B), the employer may pursue the claim against the third party tortfeasor to the extent of the amount of claims paid or to be paid to the employee pursuant to statute. It is noted that the year in which the employee has to institute his action, when added to the year that the employer or his carrier then has to pursue its action, conforms to the two year statute of limitations in personal injury actions. A.R.S. § 12–542(1) & (2). As to a negligent third party, the statute of limitations is not extended by reason of the fact that the injured party is also covered by industrial accident insurance. The employee, how-

ever, must bring his action within one year instead of two, and we have held that the one year period within which the employee must bring his action against the third party tortfeasor is not so short as to be a denial of procedural due process. *Martinez v. Bucyrus-Erie Co.*, 113 Ariz. 119, 547 P.2d 473 (1976), appeal dismissed 429 U.S. 880, 97 S.Ct. 228, 50 L.Ed.2d 162 (1976).

At the time the *Ross* decision was handed down by this court, there was a question whether a claim against a third party, once assigned to the employer, could be reassigned. The Court of Appeals in the case of *Henshaw v. Mays*, 20 Ariz.App. 300, 512 P.2d 604 (1973), held that the common law rule against assignment of tort actions did not apply to reassignment from the employer to the employee under A.R.S. § 23–1023(B). As was indicated during oral argument in the *Chevron* case, many of the lawyers practicing in the workmen's compensation field believed the *Henshaw* case was the law regarding the reassignment of compensation claims against third parties from the carrier to the employee. It was not until 1980, nearly 7 years later, that this court indicated that this might not be the law, stating:

> " * * * we do not lend our approval to *Henshaw v. Mays*, supra. * * * It is an open question whether a claim may be reassigned * * *." *Stephens v. Textron, Inc.*, 127 Ariz. 227, 230, 619 P.2d 736, 739 (1980).

Finally, this court held in *Ross*, supra:

> "We now hold that the claim assigned to the insurance carrier by operation of law is neither assignable to a third person nor reassignable to the insurance claimant. * * * " 128 Ariz. at 302, 625 P.2d at 891.

We did not state in *Ross*, supra, that the opinion was to have prospective application only, and we denied a motion for rehearing which requested that we do so.

In actions involving purely civil matters, the law of the State of Arizona has always been that unless otherwise stated, a court opinion operates retroactively as well as prospectively, *O'Malley v. Sims*, 51 Ariz.

155, 75 P.2d 50 (1938); *Arizona State Tax Comm. v. Ensign*, 75 Ariz. 376, 257 P.2d 392 (1953); *Hollywood Continental Films v. Industrial Commission*, 19 Ariz.App. 234, 506 P.2d 274 (1973). There is, then, a presumption that opinions by appellate courts of this state are retroactive as well as prospective.

■ To overcome this presumption of retroactivity, this court recently cited with approval the three part test enunciated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). See *Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 560 P.2d 1216 (1977). That test suggests that in order for an opinion to have prospective application only, the opinion (1) must have established a new legal principle by either overruling clear and reliable precedent or by deciding an issue whose resolution was not foreshadowed; (2) must affect adversely the purpose behind the rule in question, and (3) must produce substantial inequitable results if applied retroactively.

■ As to the first prong of the test, we cannot say that the "legal principle" enunciated in *Ross* was either new or not foreshadowed. The rule in Arizona has always been that absent a statute which specifically allows it, an assignment of a personal injury claim is prohibited. Our holding in *Ross*, that an unliquidated claim for damages arising out of tort is not reassignable absent legislation to the contrary, is merely an extension of the common law rule which prohibited the assignment of personal injury claims.

"Although the historical reasons given for the non-assignment of a personal injury claim have been based mostly on the non-survivability of the cause of action, we believe that the non-assignability rule standing alone has much support in public policy. Although we are not called upon to discuss the absence of legislation which would authorize the control of policy provisions in the medical benefit insurance, allowing the subrogation or assignment of a cause of action for personal injuries is so fraught with possibilities, that the rule in Arizona against assignment should

remain the same until changed by the legislature as has been done (although only in very limited circumstances) in the case of claims under the Workmen's Compensation Act. (citation omitted)" *Harleysville Mutual Insurance Company v. Lea*, 2 Ariz.App. 538, 542, 410 P.2d 495, 499 (1966).

The ruling in *Ross* then, did not "overrule clear and reliable precedent." *Chevron Oil Company*, supra. Even though the respondents may have relied on *Henshaw v. Mays*, supra, the decisions from this court in 1971, 1976 and again in 1977, have indicated that assignment of tort or negligence claims, absent legislation to the contrary, are invalid. *State Farm Fire & Casualty Co. v. Knapp*, 107 Ariz. 184, 484 P.2d 180 (1971); *K. W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 567 P.2d 325 (1977); *Martinez v. Bucyrus-Erie Co.*, supra, and as noted above, the reliability was further eroded by our discussion of the reassignability issue in *Stevens v. Textron, Inc.*, supra:

"* * * That case was decided prior to this Court's determination of *K. W. Dart Truck Company v. Noble, supra*, and *Martinez v. Bucyrus-Erie Company, supra*. *Henshaw's* approval of the reassignment there was based partly on the idea, subsequently rejected in *Dart*, that the assignment by law to the carrier was only a partial assignment. It is an open question whether a claim may be reassigned and what interest is conveyed thereby." Id. 127 Ariz. at 230, 619 P.2d at 739.

Neither did the *Ross* ruling decide any issue whose resolution was not foreshadowed. *Chevron Oil Company*, supra. The cases of this court indicating that absent specific legislation, assignment of tort claims were not allowed, could reasonably be interpreted as foreshadowing our ruling in *Ross*, supra. We do not believe that *Ross*, supra, established a new legal principle or arrived at a position that was not foreshadowed by other cases.

Neither do we find that the second prong of the Chevron Oil test, that the change in the law adversely affects the reason for the law in the first place, applies. In applying

this rule, "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retroactive operation will further or retard its operation." *Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1738, 14 L.Ed.2d 601, 608 (1965). In the instant case, we do not believe that the purpose of the rule is affected by its prospective or retroactive application. Non-assignability has been the rule, absent legislation to the contrary. *Harleysville*, supra. The law recognizes that the injured employee has the right to sue the negligent third party subject to the subrogation rights of the employer or his carrier. In those cases where the employee did not wish to pursue the third party, the legislature made an exception to the rule and provided for the assignment of the claim against a third party to the carrier in order that the carrier could recover some of the funds it was required by law to pay to the employee. If the employee did not wish to pursue the matter within the one year period, it was assigned by operation of law. The statute was then both a subrogation statute as far as the rights of the employer or his carrier were concerned, and a one year statute of limitation as to the employee's claim against the third party for pain and suffering. The purpose and the public policy behind the rule allowing an assignment of the claim to the employer or his carrier remains the same; that is, to allow the employer or his carrier to recover some or all of the amounts paid to the employee as a result of the third party's negligence. Whether or not the claim once assigned may be reassigned, does not affect the reason for allowing the assignment to the employer in the first place.

The remaining part of the Chevron Oil test is the most subjective; that is, will the retroactive application of the *Ross* decision produce substantial inequitable results. As to the carrier in these cases, we will assume no inequitable results as they had the option of retaining the claims and bringing suit against the third party which they chose not to do. As to the employees, we note that, by statute, they had a year within which to bring their suits against the third parties. Having failed for a year to exercise their rights, we are not impressed with the allegation that they are victims of a "substantial" inequity. As we noted in *Ross*:

"* * * If his action is so meritless, lacks such pecuniary value, or the time is frittered away, we see no reason to recede from the rule that an unliquidated claim for damages arising out of a tort is not assignable." 128 Ariz. at 302, 625 P.2d at 891.

We perceive no reason to change the general rule that the opinion in *Ross*, supra, be given both retroactive and prospective effect.

### CONSTITUTIONALITY OF H.B. 2176

In Arizona, the rights and liabilities that flow from an industrial accident are entirely creatures of statute. Under earlier versions of the workmen's compensation statutes, an employee was required to choose between his right to receive benefits from the compensation fund and his right to proceed against alleged third party tortfeasors. *Industrial Commission v. Nevelle*, 58 Ariz. 325, 119 P.2d 934 (1941). A.R.S. § 23–1023 was amended in 1965 to remedy this inequity by allowing the injured workman to proceed against third parties as well as collecting from the compensation fund. A 1968 amendment to A.R.S. § 23–1023, however, required that the claimant must pursue his claim against third parties within one year or his rights against third parties would be assigned by operation of law to the employer or the carrier. After this assignment, the injured employee no longer had any legal or equitable interest in the claim assigned to the insurer. *K. W. Dart Truck Co. v. Noble*, supra.

As noted above, the Arizona legislature passed, with an emergency clause, an amendment to A.R.S. § 23–1023 known as H.B. 2176. The amendment provided that any claim could be reassigned and that "[a]fter the reassignment, the employee entitled to compensation or his dependents shall have the same right to pursue the

claim as if it had been filed within the first year." H.B. 2176, § 1(B) amending A.R.S. § 23–1023.

H.B. 2176 not only allowed the claim to be reassigned to the employee, but gave him the right to pursue that claim within the two year statute of limitations as provided by statute in personal injury actions, A.R.S. § 12–542, and, according to petitioners, unconstitutionally revives the causes of action barred by *Ross*, supra.

In the three cases before us, the claims had all been timely filed within the two year statute of limitations after the reassignment of the claim. If the statute is unconstitutional, then the claims are barred as a result of *Ross*, supra, and the motions for summary judgments should have been granted. Petitioners contend that the statute, H.B. 2176, § 2, is unconstitutional for three reasons. *First,* that it is a taking of defendants' property without due process of law, contrary to the Fifth and Fourteenth Amendments of the United States Constitution and Article 2, Section 4 of the Arizona Constitution. *Second,* the legislation is a violation of the doctrine of separation of powers as provided by Article 3 of the Arizona Constitution because it is an attempt to overturn our decision in *Ross*, supra, and, *third,* it is invalid as a special law in violation of Article 4, Part 2, § 19 of the Arizona Constitution.

■ In deciding these questions, we note that there is a presumption that statutes are constitutional unless shown to be otherwise. We will not declare an act of the legislature unconstitutional unless we are satisfied beyond a reasonable doubt that the act is in conflict with the federal or state constitutions. *State v. Sutton,* 27 Ariz.App. 134, 551 P.2d 583 (1976), affirmed in part, remanded in part 115 Ariz. 417, 565 P.2d 1278 (1977); *State v. Davey,* 27 Ariz. 254, 232 P. 884 (1925); *Black and White Taxicab Co. v. Standard Oil Co.,* 25 Ariz. 381, 218 P. 139 (1923).

a. Due Process

■ Petitioners contend a statute of limitations defense is a vested property right which may not be taken without due process of law contrary to the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, Section 4 of the Arizona Constitution. Petitioners contend that Section 2 of H.B. 2176 does more than extend the time within which a claimant can maintain a cause of action, claiming it also increased the extent of their liability as it existed prior to the amendment. Before H.B. 2176, § 2, the right to sue passed irrevocably to the employer or his compensation carrier after one year, *Ross*, supra, and the employer or the carrier could only recover to the extent of payments required by law to be made for and on behalf of the injured employee. By applying the statute retroactively, petitioners complain, the legislature is requiring alleged tortfeasors to respond in damages for pain and suffering in those cases which, prior to statute, there had been no such liability after the claim has been irrevocably assigned to the carrier. We agree with petitioners that they can be subject to increased liability if H.B. 2176, § 2 is to be applied to claims barred by the one year statute of the Workmen's Compensation Act, but not barred by the two year general statute of limitations for personal injury. We do not believe, however, that the right to raise a one year statute of limitations defense instead of a two year statute of limitations defense is a vested property right within the protection of the Fourteenth Amendment even if the result may be increased liability on the part of the defendant.

The United States Supreme Court has held that a state legislature may restore a barred remedy without violating the Fourteenth Amendment. *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). The United States Supreme Court's position is summarized thus:

"In *Campbell v. Holt,* supra, this Court held that where a lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is

barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar. This has long stood as a statement of the law of the "Fourteenth Amendment * * *. The Fourteenth Amendment does not make an act of state legislation void merely because it has some retrospective operation. What it does forbid is taking of life, liberty or property without due process of law * *. Assuming that statutes of limitation, like other types of legislation, could be so manipulated that their retroactive effects would offend the Constitution, certainly it cannot be said that lifting the bar of a statute of limitation so as to restore a remedy lost through lapse of time is *per se* an offense against the Fourteenth Amendment." *Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 311–12, 315–16, 65 S.Ct. 1137, 1141, 1143, 89 L.Ed. 1628, 1634, 1636, reh. denied 325 U.S. 896, 65 S.Ct. 1561, 89 L.Ed. 2006 (1945).

In the same opinion, however, the court cited, seemingly with approval, the cases of *William Danzer & Co. v. Gulf & Ship Island R. Co.*, 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126 (1925) and *Davis v. Mills*, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067 (1904). At footnote 8, the *Chase Securities* court stated:

"Appellant invokes the principle of our decisions in *William Danzer & Co. v. Gulf & Ship Island R. Co.*, 268 U.S. 633, [45 S.Ct. 612, 69 L.Ed. 1126] and *Davis v. Mills*, 194 U.S. 451 [24 S.Ct. 692, 48 L.Ed. 1067]. * * * In the *Danzer* case it was held that where a statute in creating a liability also put a period to its existence, a retroactive extension of the period after its expiration amounted to a taking of property without due process of law. Read with the *Danzer* case, *Davis v. Mills* stands for the proposition that the result may be the same if the period of limitation is prescribed by a different statute if it 'was directed to the newly created liability so specifically as to warrant saying that it qualified the right.' 194 U.S. 454 [24 S.Ct. 694]. * * *" Footnote 8, 325 U.S. at 312, 65 S.Ct. at 1141, 89 L.Ed. at 1634.

We believe that *Danzer*, supra, can be distinguished from the instant case. Under our statute, the third party has always been liable to respond in damages for the two year period. The Workmen's Compensation Act merely provided that as between the employee and the employer, the employee was required to bring suit within one year. This was done not to benefit the negligent third party, but to protect the employer or his carrier and insure that they would have sufficient time to enforce their subrogated rights to proceed against a negligent third party. This over-reliance on *Danzer* has been noted by the United States Supreme Court in a case where there was a 90 day statute of limitations which was changed to 180 days and the claimant filed after the 90 days had run but within the 180 days:

"Respondent contends, finally, that Congress was without constitutional power to revive, by enactment, an action which, when filed, is already barred by the running of a limitations period. This contention rests on an unwarrantedly broad reading of our opinion in *William Danzer Co. v. Gulf & Ship Island R. Co.* * * *" *International U. of Elec. Wkrs. v. Robbins & Myers*, 429 U.S. 229, 243, 97 S.Ct. 441, 450, 50 L.Ed.2d 427, 439 (1976).

And the United States Court of Appeals has noted that whether the statute may relate back is a question of the intent of the legislation:

"The 1972 Act became effective March 24, 1972. The prior 90-day limitation had run on appellant's complaint some 54 days earlier. It is the general rule that subsequent extensions of a statutory limitation period will not revive a claim previously barred. (citation omitted) But the question is one of legislative intent; (footnote omitted) and though not free from doubt, we think it the more likely conclusion that Congress intended the extended limitations period to apply to all unlawful practices that occurred 180 days before the enactment of the 1972 Act, including those otherwise barred by the prior 90-day limitation period." *Davis v. Valley Distributing Company*, 522 F.2d 827, 830 (9th Cir. 1975).

We find no federal constitutional prohibition in allowing H.B. 2176, § 2, to relate back to those cases which have been barred by the one year statute for workmen's compensation claimants, but which have not been barred by the two year statute of limitations for personal injury.

Petitioners contend further, however, that Section 2 of H.B. 2176 is in violation of Article 2, Section 4 of the Arizona Constitution. For the same reason stated above, we do not believe our state constitutional due process clause renders the statute unconstitutional. Although it appears that a majority of state courts which have considered the question have held that the opportunity to defend on statute of limitations grounds is a vested right protected by due process against retroactive deprivation, see, e.g., *Smith v. Westinghouse Electric Corp.*, 266 Md. 52, 291 A.2d 452 (1972); *Haase v. Sawicki*, 20 Wis.2d 308, 121 N.W.2d 876 (1963); *Wasson v. State ex rel Jackson*, 187 Ark. 537, 60 S.W.2d 1020 (1933); see also Annots., 113 A.L.R. 384 (1941), 67 A.L.R. 297 (1930), 36 A.L.R. 1316 (1925); *Twomey v. Carlton House of Providence*, 113 R.I. 264, 320 A.2d 98 (1974), we believe they have also misread *Danzer*, supra. We agree with the Hawaii Supreme Court which has stated:

> " * * * We are unable, however, to accept the proposition that statutory causes of action which become barred through the expiration of a statute of limitations can never be revived by a subsequent legislative extension of that period of limitations." *Roe v. Doe*, 59 Haw. 259, 266, 581 P.2d 310, 315 (1978).

We find no state due process violation.

b. Separation of Powers

Petitioners contend that the legislation is an attempt to overrule our decision in *Ross*, supra, and that the statute violates Article 3 of the Arizona Constitution which reads:

> "The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others." Article 3, Arizona Constitution.

Under the doctrine of separation of powers, the judiciary has the exclusive power to declare "existing law." *Roth v. Yackley*, 77 Ill.2d 423, 33 Ill.Dec. 131, 396 N.E.2d 520 (1979). And:

> "To declare what the law is, or has been, is a judicial power; to declare what the law shall be, is legislative." *Ogden v. Blackledge*, 2 Cranch (6 U.S.) 272, 277, 2 L.Ed. 276 (1804).

And we have held that an attempt by the legislative branch to interpret existing law by stating that an act was "declaratory of existing law" was " * * * clearly * * * unconstitutional." *Martin v. Moore*, 61 Ariz. 92, 94 & 96, 143 P.2d 334, 335 (1943).

In the instant case, the amendment was not a declaration of existing law, nor was it a repeal of this court's decision in *Ross*, supra. Although it would appear that the legislature disagreed with our decision in *Ross*, the legislature did not attempt to change *Ross*. This they could not do. The legislature, instead, attempted to change the statute upon which the *Ross* decision was, at least in part, based. This is a valid, accepted and constitutional legislative function. We find no error.

c. Special Legislation

Petitioners contend that H.B. 2176 is invalid as a special law in violation of Article 4, Part 2, Section 19 of the Arizona Constitution because it creates a special class of litigant immune from A.R.S. § 12–505. We believe that *Eastin v. Broomfield*, 116 Ariz. 576, 570 P.2d 744 (1977) is dispositive of this position:

> "A law is 'general' if it confers rights and privileges or imposes restrictions upon all persons of a given class. (citation omitted) This court has defined a 'general' law as follows:
>
> > 'Laws operating uniformly upon all of a class, when the classification has a

basis founded in reason, are not obnoxious to any constitutional provision with which we are familiar. Legislation of the kind is common and often necessary. The legislative judgment in all such matters, unless palpably arbitrary, is controlling upon the courts. *Hazas v. State*, 25 Ariz. 453, 458, 219 P. 229, 231 (1923).'" 116 Ariz. at 584, 570 P.2d at 752.

As we observed in *Prescott Courier, Inc. v. Moore*, 35 Ariz. 26, 274 P. 163 (1929), Arizona's constitutional provision against special laws is "to secure equality of opportunity and right to all persons similarly situated * * *. The legislature may classify, but the classification must be predicated on some reasonable basis, which will promote a legitimate purpose of legislation." 35 Ariz. at 33, 274 P. at 165.

In the instant case, as petitioners noted in urging this court to take jurisdiction, there were many others affected by this legislation. Presumably they represent a classification of litigant that is "founded in reason." The statute treats all of them equally. We find no error.

The orders denying petitioners' summary judgments are affirmed.

HOLOHAN, C. J., GORDON, V. C. J., and HAYS, J., concur.

NOTE: Justice STANLEY G. FELDMAN announced his disqualification and did not participate in the determination of this matter.