[Civ. No. 31823.   Second Dist., Div. Three.   Oct. 30, 1968.]

ROBERT LAWE, Plaintiff and Appellant, v. EL MONTE
SCHOOL DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent.

Parker, Berg, Lord & Soldwedel and Fred Soldwedel for
Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, James W. Briggs and
Lawrence L. Hoffman, Deputy County Counsel, for Defend-
ant and Respondent.

FORD, P. J.—This is a proceeding in mandamus to compel

the school district to advance the petitioner one step on the salary schedule for each of several years and to pay petitioner additional compensation for his services rendered in such years in accordance with such advancement. The court denied the petition for a peremptory writ of mandate and the petitioner has appealed from the judgment.

The facts are not in dispute. The petitioner is a permanent certified teacher and holds a junior high school credential for life which authorizes him to teach all subjects in grades seven through nine. He was first employed in the El Monte School District in the 1958-59 school year and thereafter served continually in that district until the school year 1962-63. For the 1961-62 school year he was paid a salary as designated for step 4 in column Y of the teachers' salary schedule of the school district for that year. He was granted a leave of absence by the school district for the 1962-63 school year to permit him to teach in an American Dependents Education Group School in Germany for the United States Department of Defense. He returned to the school district for the 1963-64 school year and resumed his teaching duties in that and the succeeding years.

Prior to his leave of absence the petitioner taught seventh and eighth grade classes in the El Monte School District. During the 1962-63 school year he taught the eighth grade class in the American Dependents School in Germany. After he returned to the school district upon the expiration of his leave of absence he was given seventh and eighth grade teaching assignments in each school year.

For each school year the school district published a teachers' salary schedule which provided for an annual one step advance in salary to and including step 13. The school district did not advance the petitioner one step in the salary schedule for the school year 1962-63 and thus did not give him credit for his teaching services in Germany during his leave of absence. For the school year 1963-64 he was paid a salary based on a one step increase over his salary for the school year preceding the period of his leave of absence. For each succeeding year the increase in salary was based on the next step in the salary schedule for that year.

The school district provided its teachers with policy statements set forth in a teachers' handbook. The handbook for the 1963-64 school year contained the following statement:

"REGULAR CREDENTIALS

"1. A maximum of four years prior experience may be allowed for either teaching or military service. One step will be credited for each year of approved experience.

"2. Teachers will be placed on the appropriate schedule."

The El Monte School District gave credit to two teachers in the application of the salary schedule for teaching done in other districts while on leave of absence from El Monte School District for that purpose. Those two teachers had not reached step 4 on the salary schedule before taking their leaves of absence whereas the petitioner had reached step 4 prior·to taking his leave of absence for the 1962-63 school year. The interpretation which has been uniformly placed on its salary schedule by the El Monte School District is that a one step advance for each year of approved outside experience is allowable only to the extent of advancing a teacher as high as the fourth step.

Section 13502 of the Education Code is as follows: "The governing board of any school district shall fix and order paid the compensation of persons in public school service requiring certification qualifications employed by the board unless otherwise prescribed by law." With relation to that statutory provision it was stated in *San Diego Federation of Teachers* v. *Board of Education*, 216 Cal.App.2d 758, at page 762 [31 Cal.Rptr. 146]: "Subject to designated minimum requirements, a city board of education is vested by statute with authority to fix the compensation to be paid to teachers (Ed. Code, §§ 13502, 13525), including those who have attained a permanent classification (*Kacsur* v. *Board of Trustees,* 18 Cal. 2d 586 [116 P.2d 593]), and in the exercise of that authority may adopt a schedule increasing or decreasing the amount of compensation previously paid, providing (1) it is not arbitrary, discriminatory, or unreasonable; (2) any allowance therein based upon years of training and experience is uniform and subject to reasonable classification; and (3) it is adopted prior to the beginning of the school year (Ed. Code, § 13506; *Rible* v. *Hughes,* 24 Cal.2d 437, 444 [150 P.2d 455, 154 A.L.R. 137] ; *Kacsur* v. *Board of Trustees, supra,* 18 Cal. 2d 586, 591), . . ."

■ It is within the province of the governing board of a school district to determine the extent to which credit is to be given for teaching experience outside the district (see *Fry* v. *Board of Education,* 17 Cal.2d 753, 758 [112 P.2d 229]) and a court is not free to interfere with such determination if the

policy is reasonable in nature and is applied fairly and without discrimination. (See *Aebli* v. *Board of Education,* 62 Cal. App.2d 706, 746 [145 P.2d 601] ; *Chambers* v. *Davis,* 131 Cal. App. 500, 508 [22 P.2d 27].)

In the present case there was no abuse of discretion on the part of the governing board of the school district in not permitting the use of approved outside experience as a basis for advancement to a step higher than the fourth step. Such a limitation tended to stabilize the continuity of service within the district of experienced teachers and tended to confine the resort to outside teaching experience to those less experienced teachers who had more to gain thereby. Moreover, the prospect of credit for such outside experience could serve as a means of attracting teachers new in the profession to the El Monte School District. The record shows that such policy was applied fairly and without discrimination. There is no showing that in making his application for a leave of absence the petitioner was misled in any way by the district as to the credit he would receive for his teaching in Germany. The teachers' handbook to which reference has hereinbefore been made was that for a year subsequent to the period of his leave of absence and, consequently, the lack of clarity in the quoted language thereof cannot have misled petitioner when he took his leave of absence. (Cf. *Rible* v. *Hughes,* 24 Cal.2d 437, 445-446 [150 P.2d 455, 154 A.L.R. 137].)

It is not necessary to discuss the respondent's contention with respect to the statute of limitations since, for the reasons stated, the petitioner is not entitled to prevail in any event.

The judgment is affirmed.

Cobey, J., and Moss, J., concurred.