[Civ. No. 1140. Fifth Dist. July 8, 1970.]

DONALD B. SAYRE, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF THE COALINGA COLLEGE DISTRICT,
Defendant and Respondent.

## COUNSEL

Frame & Courtney and Ted R. Frame for Plaintiff and Appellant.

Robert M. Wash, County Counsel, and Max E. Robinson, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**GARGANO, J.**—Appellant, Donald B. Sayre, appeals from a judgment of the Superior Court of Fresno County, denying his application for a writ of mandate to compel respondent, the Board of Trustees of the Coalinga College District, to reclassify appellant on the salary schedule as of the 1964-1965 school year, and to pay him the additional compensation he claims he would have received if he had been properly classified at that time.

 The sole question presented in the appeal is whether the rule adopted by respondent board in 1964, giving school teachers employed for the 1964-1965 school year greater credit and higher placement on the salary schedule than given to school teachers employed before that school year, is arbitrary, discriminatory and violative of Education Code section 13506. This section provides in part: "Uniform allowance may be made in any schedule of salaries for years of training and for years of service.

"In no case shall the governing board of a school district draw orders for the salary of any teacher in violation of this section, nor shall any superintendent draw any requisition for the salary of any teacher in violation thereof." (§ 13506 has been amended, effective July 1, 1970.)

The facts are not in dispute. Appellant was employed by the Coalinga College District for the 1963-1964 school year. Appellant had 12 years of prior teaching experience, and he was given five year's credit for this experience and placed on the sixth step of the district's salary schedule; at that time five years was the maximum credit allowed for prior teaching experience; along with other teachers, appellant has advanced one step each year. In 1964 the district board, to facilitate the recruitment of experienced teachers, changed the rule and increased the maximum credit allowed for prior teaching experience from five to nine years. The change did not affect teachers employed prior to the 1964-1965 school year; if the rule change had applied to teachers already employed by the district, during the 1964-1965 school year appellant would have been placed at the tenth step of the salary schedule instead of the seventh step.

On first impression, one would be inclined to agree with appellant's contention that he is entitled to a reversal of the judgment and an order

reclassifying him on the salary schedule as prayed for in his petition. ▮ A school board is authorized to fix the compensation of school teachers (Ed. Code, § 13502). But, the salary schedules must not be arbitrary, discriminatory or unreasonable *(Kacsur v. Board of Trustees,* 18 Cal.2d 586 [116 P.2d 593]; *Shoban v. Board of Trustees,* 276 Cal.App.2d 534 [81 Cal.Rptr. 112]). And, if allowance is made for years of training and experience, the allowance must be uniform. (Ed. Code, § 13506.) ▮ Yet, in granting greater credit for prior teaching experience to teachers hired during the 1964-1965 school year than given to teachers hired prior to the rule change, respondent board seemingly distinguished between teachers solely on the basis of the date of their employment.

Upon careful consideration, we are compelled to conclude that the trial court properly denied appellant's petition. ▮ The obvious purpose of section 13506 is to prevent favoritism in school employment, without unduly hampering school boards in school administration. Thus, a reasonable classification of school teachers, brought about by policy changes necessitated by employment needs, is permissible. *(Fry v. Board of Education,* 17 Cal.2d 753 [112 P.2d 229]; *Lawe v. El Monte School Dist.,* 267 Cal.App.2d 20 [72 Cal.Rptr. 554]; *Eastham v. Santa Clara Elementary School Dist.,* 270 Cal.App.2d 807 [76 Cal.Rptr. 198].) For example, according to the *Fry* rationale, if the respondent board, because of favorable employment conditions, had elected to eliminate credit for prior teaching experience, it could not have been compelled to retrace its steps and reclassify all teachers downward on the salary schedule who were employed prior to the 1964-1965 school year even though teachers have no vested right to a particular salary *(Abraham v. Sims,* 2 Cal.2d 698 [34 P.2d 790, 42 P.2d 1029]). Clearly, then, if respondent could not have been compelled to reclassfy appellant by depriving him of the credit he received for prior teaching experience had its change in policy been detrimental to incoming school teachers, the converse is true and the board cannot be compelled to classify appellant upward on the salary schedule merely because a change in policy is beneficial to incoming school teachers. As the court said in *Aebli v. Board of Education,* 62 Cal.App.2d 706, 757 [145 P.2d 601]: "The law vests the board with the power to determine policy. As already pointed out, at various times the board has adopted different policies in reference to evaluating outside experience. Obviously, any time there is a change of policy, it creates a lack of uniformity in the sense that teachers who become members of the department while one policy is in effect are treated differently from teachers who become members of the department while a new policy is in effect. Such lack of 'uniformity' is inevitable as a school board progresses with the needs of various periods and accordingly changes its policy."

Appellant concedes that a school board may make reasonable classifications between teachers in regard to credit for prior teaching experience; in *Fry* v. *Board of Education, supra,* 17 Cal.2d 753, the court upheld as reasonable the elimination of prior teaching experience for teachers who acquired such experience outside of San Francisco. Appellant attempts to distinguish the *Fry* case by asserting that the court's decision was restricted to the reasonableness of the classification based on the San Francisco teaching experience; however, in that case, as here, the rule change affected only incoming teachers. The court, at page 758 of the opinion, stated: "There can be no doubt that the Board may reasonably classify between teachers with teaching experience in San Francisco and those with teaching experience outside. There can be no doubt that the resolution of February 16, 1932, was well within the power of the board in so far as it provided that *as to all incoming teachers* no credit for outside experience should be granted." (Italics ours.)

The judgment is affirmed.

Stone, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 3, 1970. Mosk, J., was of the opinion that the petition should be granted.