[Civ. No. 62454. Second Dist., Div. Four. Mar. 18, 1982.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Appellants, v.
BOARD OF EDUCATION OF WHITTIER CITY SCHOOL DISTRICT et al., Defendants and Respondents.

COUNSEL

Raymond L. Hansen, Charles R. Gustafson and A. Eugene Huguenin, Jr., for Plaintiffs and Appellants.

Atkinson, Andelson, Loya, Ruud & Romo, Paul M. Loya and Brian M. Libow for Defendants and Respondents.

OPINION

BOBB, J.*—Petitioners, California Teachers Association and Whittier Elementary Teachers Association, appeal from a judgment dismissing their petition for a peremptory writ of mandate to compel defendants, Board of Education of Whittier City School District and Edward Reyes, Superintendent of Whittier School District, (hereinafter Dis-

---

*Assigned by the Chairperson of the Judicial Council.

trict), to eliminate their rule governing salary advancement of certificated teachers. The rule limits a teacher who advances on the salary schedule from one column to the next, upon attainment of a higher educational level, to a one-step increase for experience even though the teacher has had additional years of experience and the new column has steps for those additional years of experience.

■ Petitioners claim that District's rule violates Education Code section 45028, which provides, in pertinent part, that "... each person employed by a district in a position requiring certification qualifications ... shall be classified on the salary schedule on the basis of uniform allowance for years of training and years of experience." We agree that the District's rule contravenes section 45028.

The salary of a certificated teacher employed by District is determined by reference to a schedule which places a teacher on a certain step vertically corresponding to his or her years of experience as a teacher and in a certain class horizontally reflecting his or her academic attainment.[1] As each additional year of experience is acquired, a one step advancement in salary is made within each class up to the maximum for that class.

---

[1]The following salary schedule was in effect during the most recent period with which this appeal is concerned:

TEACHERS SALARY SCHEDULE FOR 1979-80

| STEP | CLASS I | CLASS II | CLASS III | CLASS IV | CLASS V |
|------|---------|----------|-----------|----------|---------|
| 1 | 11158 | 11716 | 12274 | 12832 | 13390 |
| 2 | 11660 | 12274 | 12876 | 13490 | 14093 |
| 3 | 12162 | 12832 | 13479 | 14148 | 14796 |
| 4 | 12664 | 13390 | 14081 | 14807 | 15498 |
| 5 | 13166 | 13948 | 14684 | 15485 | 16201 |
| 6 | 13669 | 14505 | 15286 | 16123 | 16904 |
| 7 | 14171 | 15063 | 15889 | 16782 | 17607 |
| 8 | 14673 | 15621 | 16492 | 17440 | 18310 |
| 9 | 15175 | 16179 | 17094 | 18098 | 19013 |
| 10 | 15677 | 16737 | 17696 | 18757 | 19716 |
| 11 | 16179 | 17295 | 18299 | 19415 | 20419 |
| 12 | | | 18902 | 20073 | 21122 |
| 13 | | | 19504 | 20732 | 21825 |
| 14-18 | | | | 21390 | 22528 |
| 19 | | | | 22048 | 23231 |

District has a rule regarding advancement on the salary schedule which provides that a teacher shall not advance more than one step vertically in any one-year period. When this rule is applied to a teacher who has been at the maximum step of a class for more than one year and who then moves to a higher class, it has the effect of placing that teacher at a step below her or his number of years of experience. Petitioners provided declarations to the trial court which set forth examples of how the rule works in practice.

One teacher employed by District had 39 years of experience at the time she was advanced to class IV. For the 1976-1977 school year she was at class III, step 13, the highest step in that class. For the 1977-1978 year she was advanced to class IV, and because of District's rule she was advanced only one step to step 14. For each of the next two years she was given a one-step increase. If she had been given full credit for her years of experience, she would have been placed at step 19 for the year 1977-1978 and remained at that step thereafter.

Another teacher had 14 years of experience at the time he was advanced to class IV. For the year 1973-1974 he was at class III, step 12,

Classification Requirements

| | |
|---|---|
| Class I | Bachelor's Degree and Regular Credential. |
| Class II | Bachelor's Degree and Regular Credential plus 15 approved units obtained after Bachelor's Degree. |
| Class III | Bachelor's Degree and Regular Credential plus 30 approved units obtained after Bachelor's Degree. |
| Class IV | Bachelor's Degree and Regular Credential plus 45 approved units. Said units for approval must be for courses which would be applicable to any California Credential issued by the State Department of Education and obtained after the Bachelor's Degree; or, Master's Degree and Regular Credential. |
| Class V | Bachelor's Degree and Regular Credential plus 60 approved units; or, Master's Degree and Regular Credential plus 24 approved units obtained after Master's Degree. |

Effective March 7, 1972, teachers on Class I-8, II-10, III-12 may continue on their classifications to the top of the salary schedule. All teachers in Class I-7, II-9, and III-11, in future years may not proceed past Class I-8, II-10, or III-12.

the highest step in that class, effective 1972. (See fn. 2, *post*, p. 832, for the rule regarding the change eff. Mar. 1, 1972, in the last step of the salary schedule.) For the 1974-1975 year he was advanced to class IV and because of District's rule placed on step 13. He was later advanced to class V. Again because of District's rule, for the year 1976-1977 he was placed at step 15. For each of the next three years he was given a one-step increase, so that for the year 1979-1980 he was placed at step 18. If he had been given full credit for his years of experience, he would have been placed at step 14 for the year 1974-1975 and by 1979-1980 would have been at step 19.

A third teacher had 19 years of experience at the time she was advanced to class IV. For the year 1975-1976 she was at class III, step 13, the highest step in that class. For the year 1976-1977 she was advanced to class IV and, because of District's rule, advanced only one step to step 14. For each of the next three years she received a one-step increase, so that for the year 1979-1980 she was at step 17. If she had been given full credit for her years of experience she would have been at step 19 for the year 1976-1977 and each year thereafter.

District asserts that the purpose of their rule is to encourage teachers to improve their level of academic attainment earlier rather than later in their teaching careers in order to give students the benefit of the teachers' improved attainment for a longer portion of their total teaching career.

Prior to its amendment in 1970, Education Code section 13506 (now § 45028), read, as is here pertinent, "Uniform allowance *may* be made in any schedule of salaries for years of training and for years of service." (Italics added.) Pursuant to that language, courts had upheld differentials in experience credits, in fixing teachers' salaries, as long as the differentials were "reasonable." (*Fry* v. *Board of Education* (1941) 17 Cal.2d 753 [112 P.2d 229]; *Rible* v. *Hughes* (1944) 24 Cal.2d 437 [150 P.2d 455, 154 A.L.R. 137]; *Lawe* v. *El Monte School Dist.* (1968) 267 Cal.App.2d 20 [72 Cal.Rptr. 554]; *Sayre* v. *Board of Trustees* (1970) 9 Cal.App.3d 488 [88 Cal.Rptr. 355].)

If the case before us were decided under Education Code section 13506 prior to its 1970 amendment, we would be inclined to uphold District's rule as a reasonable salary classification made in order to en-

courage teachers to obtain additional educational credits early in their careers and thereby give more students the benefits of the teachers' increased education. But we are constrained by the requirement of "uniform allowance ... for ... years of experience" in Education Code section 45028 as it has been interpreted by *Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650 at p. 661, fn. 6 [147 Cal.Rptr. 359, 580 P.2d 1155], and must look only to whether District's rule precludes teachers from receiving credit for experience solely due to their seniority within the system.

In *Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist., supra,* 21 Cal.3d 650, the district's policy gave prior experience credit to incoming teachers only for public school teaching, excluding teaching in private accredited schools. Thereafter, the policy was changed to recognize private school experience. A teacher who had been employed under the old policy asked that his private school experience be recognized for purposes of salary step advancement.

The Supreme Court, holding that the district had to recognize that teacher's private school teaching for salary purposes, observed: "... [w]e must conclude that one of the lawmakers' aims in enacting the new section was to break away from past reliance on judicial assessments of 'reasonableness' in the classification of teachers and establish a more certain standard of its own. Thus the new statute, as we read it, had the twofold purpose of (1) *requiring* that teachers be classified for salary purposes, and (2) establishing that such classification proceed *wholly* on a uniform basis of years of training and years of experience. One effect of this action was to eliminate the possibility of future results of the type exemplified by *Lawe*, by which a district, while granting a given maximum of credit for outside experience, makes such credit available on less than a uniform basis to all teachers.

". . . . . . . . . . . . . .

"... We have concluded, in short, that under the amended version of the statute certified employees ... are to be classified for salary purposes strictly according to years of training and experience up to the applicable maximum (see fn. 6, *ante*)—and that the principle of 'reasonable classification' may no longer be employed in justification of variations from such uniform treatment on the basis of considerations

such as 'stabiliz[ing] continuity of service,' 'attracting new teachers' (*Lawe, supra*, 267 Cal.App.2d at p. 23), or 'policy changes necessitated by employment needs' [citation]." The court's foonote 6 provides: "To be distinguished in this respect, we believe, is the matter of maximum credit itself. A rule providing for outside experience credit up to five years may indeed have the effect of 'depriving' a teacher having six years outside experience of a year of credit. This, however, is a 'uniform allowance . . . for . . . years of experience' within the meaning of section 13506, for under it all teachers receive credit for prior experience up to the stated maximum. In the situation exemplified in *Lawe*, on the other hand, a teacher is precluded from receiving credit for a year of outside experience within the allowed maximum solely due to his seniority within the system. This, in our view, does not provide a 'uniform allowance . . . for . . . years of experience.'" (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist., supra*, 21 Cal.3d at pp. 661-662.)[2]

In the case before us, District's rule precludes teachers from receiving credit for experience solely due to their seniority within the system. The rule places teachers in a similar position to the teacher in *Lawe* v. *El Monte School Dist., supra*, 267 Cal.App.2d 20, a position disapproved in *Palos Verdes.* Under District's rule, just as in *Lawe*, a teacher's failure to take the additional education credits (in *Lawe*, the leave of absence) by the time he or she reaches a certain level of seniority with the system results in the denial of credit for experience to which he or she would otherwise be entitled. Therefore, District's rule does not provide "uniform allowance . . . for . . . years of experience," as required by Education Code section 45028.

District contends that their rule merely puts a limit on the amount of experience in a lower class for which salary credit will be recognized when a teacher qualifies for a new class. The limit, they contend, is similar to that approved by the court in *Palos Verdes* when a limit is

---

[2]In *Lawe* v. *El Monte School Dist., supra*, plaintiff had been employed by the District for five years when he was granted a one-year leave of absence to teach elsewhere. While he was on leave, the district adopted a policy of giving salary credit for outside experience only for the purpose of advancing a teacher to the fourth step on the salary scale, a step plaintiff had reached prior to his leave of absence. Two other teachers who had not reached the fourth step before taking leaves of absence for outside teaching were given salary credit for the time thus spent, but plaintiff was not. The court upheld the District's policy under a reasonableness test.

placed on the amount of outside teaching experience for which credit is given. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist., supra*, 21 Cal.3d at p. 661, fn. 6.) This contention ignores the distinction drawn in *Palos Verdes* between a uniformly applied limit on credit for teaching experience outside the system and limiting credit based on seniority within the system, the latter of which was found to violate Education Code section 45028. (*Ibid.*)

District also contends that their rule is analogous to refusing to award a step increase for a year's experience when a teacher's performance has been evaluated as unsatisfactory, a procedure upheld in *Mayer* v. *Board of Trustees* (1980) 106 Cal.App.3d 476 [165 Cal.Rptr. 655]. District argues that in both situations a teachers' plight is the product of his or her own ineffective professional efforts, not an impermissible classification by the school district in this case. This analogy is incorrect. In failing to take academic credits within an allotted time period it is not the professional effort which is ineffective but rather the timing of the effort.

Finally, District argues that if their rule is held to violate the requirement of uniform allowance for years of experience, then District would be precluded from placing any ceiling on the number of steps in the salary schedule. To the contrary, as the court stated in *Palos Verdes*, maximum credit for years of experience does not violate Education Code section 45028 as long as teachers in the same classification receive the same credit up to the stated maximum. (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist., supra*, 21 Cal.3d at p. 661, fn. 6.)

Petitioners in this action challenge District's rule as it applies to the salary schedules in effect from 1976 through 1980. The challenge to the schedule which was in effect from July 1, 1976, through September 18, 1977, is barred by the statute of limitations. This action was filed on September 29, 1980, more than three years after petitioners' right under section 45028 accrued. (Code Civ. Proc., § 338, subd. 1; *Monroe* v. *Trustees of the California State Colleges* (1971) 6 Cal.3d 399, 405 [99 Cal.Rptr. 129, 491 P.2d 1105].)

Accordingly, we conclude that the dismissal was improperly granted except as it relates to the salary schedule in effect from July 1, 1976, through September 18, 1977.

The judgment is affirmed insofar as it dismissed that part of the petition relating to the salary schedule in effect from July 1, 1976, through September 18, 1977; otherwise it is reversed.

Files, J.,* and Kingsley, Acting P. J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 20, 1982. Mosk, J., Kaus, J., and Broussard, J., were of the opinion that the petition should be granted.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.