[No. A030738. First Dist., Div. Five. Nov. 24, 1987.]

SAN FRANCISCO CLASSROOM TEACHERS ASSOCIATION, CTA/NEA, Plaintiff and Respondent, v.
SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

[No. A03334. First Dist., Div. Five. Nov. 24, 1987.]

SAN FRANCISCO CLASSROOM TEACHERS ASSOCIATION, CTA/NEA et al., Plaintiffs, Cross-defendants and Appellants, v.
BOARD OF EDUCATION OF THE SAN FRANCISCO UNIFIED SCHOOL DISTRICT et al., Defendants, Cross-complainants and Respondents.

[No. A033335. First Dist., Div. Five. Nov. 24, 1987.]

SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Plaintiff and Respondent, v.
SAN FRANCISCO CLASSROOM TEACHERS ASSOCIATION, CTA/NEA, Defendant and Appellant.

[Nos. A033552, A034470. First Dist., Div. Five. Nov. 24, 1987.]

SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Plaintiff and Appellant, v.
SAN FRANCISCO CLASSROOM TEACHERS ASSOCIATION, CTA/NEA, Defendant and Respondent.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976(b), this opinion is certified for partial publication. The portions to be published follow.

628

COUNSEL

A. Eugene Huguenin, Jr., Kirsten L. Zerger, Diane Ross and Ramon E. Romero for Plaintiff and Respondent, Plaintiffs, Cross-defendants and Appellants and Defendant and Respondent.

David G. Miller, Keith V. Breon, Gregory J. Dannis, Sharon M. Keyworth and Breon, Galgani, Godino & O'Donnell for Defendant and Appellant, Defendants, Cross-complainants and Respondents, Plaintiff and Respondent and Plaintiff and Appellant.

OPINION

KING, J.—This case consolidates five appeals concerning placement of teachers on the San Francisco Unified School District salary schedule. The district appeals from three judgments confirming arbitration awards; the San Francisco Classroom Teachers Association (the association) appeals from one judgment confirming an arbitration award and from a judgment denying a writ of mandate.

Since at least 1968 the San Francisco School District (the district) has followed the salary schedule format illustrated in the 1983-1986 collective bargaining agreement:

| | B6 (Class. I Bachelor Degree) | B7 (Class. II Bachelor Degree plus 30 Semester Hours) | B8 (Class. III Bachelor Degree plus 60 Semester Hours) | |
|---|---|---|---|---|
| 1. . . . . . | $15,805 | $16,395 | $17,520 | |
| 2. . . . . . | $15,805 | $17,245 | $18,540 | |
| 3. . . . . . | $15,970 | $18,095 | $19,560 | |
| 4. . . . . . | $16,770 | $18,945 | $20,580 | |
| 5. . . . . . | $17,570 | $19,795 | $21,600 | |
| 6. . . . . . | $18,370 | $20,645 | $22,620 | |
| 7. . . . . . | $19,170 | $21,495 | $23,640 | |
| 8. . . . . . | $19,970 | $22,345 | $24,660 | |
| 9. . . . . . | $20,770 | $23,195 | $25,680 | |
| 10. . . . . . | $21,570 | $24,045 | $26,700 | |
| 11. . . . . . | $22,370 | $24,895 | $27,720 | |
| 12. . . . . . | $23,170 | $25,745 | $28,740 | Maximum III |
| 13. . . . . . | $23,970 | $26,595 | " | 2nd yr. Max |
| 14. . . . . . | $24,770 | | " | 3rd yr. Max |
| 15. . . . . . . . . . . . . . . . . . . . . . | | | $29,760 | Car. Incr. A |
| 16. . . . . . . . . . . . . . . . . . . . . . | | | " | 2nd yr. A |
| 17. . . . . . . . . . . . . . . . . . . . . . | | | ." | 3rd yr. A |
| 18. . . . . . . . . . . . . . . . . . . . . . | | | $30,780 | Car. Incr. B |
| 19. . . . . . . . . . . . . . . . . . . . . . | | | " | 2nd yr. B |
| 20. . . . . . . . . . . . . . . . . . . . . . | | | " | 3rd yr. B |
| 21. . . . . . . . . . . . . . . . . . . . . . | | | $31,800 | Car. Incr. C |

Teachers are placed in a column according to their level of academic preparation and proceed up the steps as they accumulate years of service. In 1968, a board of education resolution established "a career increment (equal to a normal increment) after three complete school years at the maximum salary (Rating 12 Classification III)." In 1974 a second such increment was added, and in 1981, a third. The 1983-1986 collective bargaining agreement added to section 18.3.2 the provision that "In accordance with past practice a member of the bargaining unit who has completed rating 11 or higher of Column B7 and becomes eligible for Column B8 shall be entitled to placement at rating 12 of Column B8."

The underlying issue in all five cases consolidated herein is placement at column B8, step 12 of teachers who acquire 60 semester hours of academic

credit after reaching column B7, step 12 or 13. In four cases the issue was brought before an arbitrator, whose award the trial court confirmed. In the fifth case, the association petitioned for a writ of mandate which was denied.

. . . . . . . . . . . . . . . . . . .*

I-IV*

. . . . . . . . . . . . . . . . . . .

V

In June 1984, the association petitioned for a writ of mandate compelling reclassification of teachers moved from column B7 to column B8, allegedly in violation of Education Code section 45028, both before (first cause of action) and during (second cause of action) the term of the 1983-1986 collective bargaining agreement. The trial court found the district's placement practice did not violate section 45028's uniformity requirement. Additionally, as to the second cause of action the court found Government Code section 3543.2, subdivision (d), and section 18.3.2 of the collective bargaining agreement superseded section 45028. Finally, the court found the res judicata effect of its own same-day confirmation of the Randall arbitration award barred the second cause of action.

■■ The association contends the trial court erred in holding the district's salary schedule placement policy complied with Education Code section 45028. Questions of law such as construction and applicability of the statute (*Dean W. Knight & Sons, Inc.* v. *State of California* ex rel. *Dept. of Transportation* (1984) 155 Cal.App.3d 300, 305 [202 Cal.Rptr. 44]), though beyond the scope of review of the related arbitration awards (*City of Oakland* v. *United Public Employees* [(1986) 179 Cal.App.3d 356 at pp. 363-364 (224 Cal.Rptr. 523)]), are appropriately addressed here.

In the lead case of *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 661 [147 Cal.Rptr. 359, 588 P.2d 1155], the Supreme Court held the 1969 amendment of Education Code section 45028 (then 13506) "had the twofold purpose of (1) *requiring* that

---

* See footnote *ante,* page 627.

teachers be classified for salary purposes, and (2) establishing that such classification proceed *wholly* on a uniform basis of years of training and years of experience." (Italics in original.) However, while the Legislature expressly intended " 'to establish *a uniform base salary schedule* in each school district,' " it did not intend " 'to limit a school district governing board in developing *pay incentive programs.*' " (*Id.,* at p. 658, quoting Stats. 1969, ch. 1314, § 3, p. 2651, italics added.)

Thus, the *Palos Verdes* court interpreted the amended statute to allow a district's attempt to improve its staff's academic attainment level by setting up "special salary categories for those undertaking advanced training." (*Palos Verdes, supra,* at p. 660, fn. 5, citing *San Diego Federation of Teachers* v. *Board of Education* (1963) 216 Cal.App.2d 758 [31 Cal.Rptr.146].) "By the same token no conflict would occur should a district decide to subclassify its top 'experience' classification in order to encourage the retention or recruitment of extremely experienced teachers." (*Palos Verdes, supra,* at p. 660, fn. 5.)

Nor does the statute preclude establishment of maximum credit for outside experience, so long as it is applied uniformly to all teachers, regardless of their seniority within the system. (*Id.,* at p. 661, fn. 6, distinguishing *Lawe* v. *El Monte School Dist.* (1968) 267 Cal.App.2d 20 [72 Cal.Rptr. 554].) "By the same token, we do not read the new statute to preclude a district from making reasonable determinations as to the level and quality of 'training' or 'experience' which is to qualify for particular level of credit within its boundaries." (*Palos Verdes, supra,* at p. 661, fn. 6.)

The trial court in the instant case found "Respondent has decided '. . . to sub-classify its top "experienced" classification in order to encourage the retention or recruitment of extremely experienced teachers,' " as expressly allowed by *Palos Verdes, supra,* at page 660, footnote 5. The court also noted "the core requirement of Education Code section 45028 is that the rules or standards for movement, particularly those contained in the collectively negotiated agreement, be applied uniformly to all teachers in the district, *as they are here.*" (Italics added.)

Here, however, the subclassifications are not uniformly applied. According to the district, "Career increments were intended as a 'bonus' to highly trained teachers who had been serving the District for years." But the district's practice distinguishes—among equally highly-trained teachers, who have served the district an equal number of years—on the sole basis of the order in which years of training and years of service accrued.

As the court explained in *California Teachers Assn.* v. *Board of Education* (1982) 129 Cal.App.3d 826, 830-831 [181 Cal.Rptr. 432] (hereinafter *Whittier*), such a distinction may well be "a reasonable salary classification made in order to encourage teachers to obtain additional educational credits early in their careers and thereby give more students the benefits of the teachers' increased education." However, the *Palos Verdes* court specifically concluded "one of the lawmakers' aims in enacting the [1969 amendment] was to break away from past reliance on judicial assessments of 'reasonableness' in the classification of teachers and establish a more certain standard of its own." (*Palos Verdes, supra,* at p. 661.) Thus, like the *Whittier* court, we are "constrained by the requirement of 'uniform allowance . . . for . . . years of experience' . . . and must look only to whether District's rule precludes teachers from receiving credit for experience solely due to their seniority within the system." (*Whittier, supra,* 129 Cal.App.3d at p. 831.)

And here, as in *Whittier,* it does. "The rule places teachers in a similar position to the teacher in *Lawe* v. *El Monte School Dist., supra,* 267 Cal.App.2d 20, a position disapproved in *Palos Verdes*. Under District's rule, just as in *Lawe,* a teacher's failure to take the additional education credits (in *Lawe,* the leave of absence) by the time he or she reaches a certain level of seniority with the system results in the denial of credit for experience to which he or she would otherwise he entitled. Therefore, District's rule does not provide 'uniform allowance . . . for . . . years of experience,' as required by Education Code section 45028." (*Whittier, supra* 129 Cal.App.3d at p. 832.)

Although the salary schedule in *Whittier, supra,* 129 Cal.App.3d at page 828, differs in certain details from the one considered here—every column contains more steps than the one before and additional steps are not labeled "career increments"—the court's reasoning applies here as well. On the other hand, *Mayer* v. *Board of Trustees* (1980) 106 Cal.App.3d 476 [165 Cal.Rptr. 655], which upheld a collective bargaining agreement provision granting annual advancement to the next step on the salary schedule only to teachers who received satisfactory performance evaluations, is easily distinguishable. As the court later explained, "Essentially, that holding was premised upon the conclusion that it was logical to define experience as satisfactory experience." (*Wygant* v. *Victor Valley Joint Union High School Dist.* (1985) 168 Cal.App.3d 319, 329 [214 Cal.Rptr. 205]. See also, *Palos Verdes, supra* 21 Cal.3d, at p. 661, fn. 6.)

It is not logical, however, to define experience as "experience in a certain column of the salary schedule," since a teacher's duties, e.g., lesson preparation, classroom instruction, grading, parental counseling, supervision of

extracurricular activities (*Wygant, supra,* 168 Cal.App.3d at p. 327), do not vary in accordance with placement on the salary schedule. In *Wygant* the court invalidated a program requiring teachers receiving vertical step advancement to complete a specified number of "professional growth units" for each four years, because "teachers with uniform years of training and years of experience are impermissibly penalized by being denied credit for experience for failure to obtain professional growth units that are not *necessarily* related to either training or professional experience," (*id.,* at p. 329, italics added) despite the "subjectively arguable benefit" of what the court called an "admirable . . . attempt to broaden teachers as human beings." (*Id.,* at p. 328.)[8]

Thus the district's placement policy violates the uniformity requirement of Education Code section 45028 as interpreted in *Palos Verdes* and its progeny. ▮ The trial court also erred in holding Government Code section 3543.2, subdivision (d) supersedes section 45028 as to the association's second cause of action. On its face subdivision (d) "has eroded the mandatory rigidity" of section 45028 only to the extent of allowing "*additional compensation* based upon criteria *other than* years of training and years of experience." (Italics added.) For example, *Wygant's* professional growth policy employs criteria "other than years of training and years of experience," e.g., attendance and participation in conferences, workshops or forums, travel, organizational leadership, publication, business experience (*Wygant, supra,* 168 Cal.App.3d at p. 326), although it does not provide "additional compensation" therefore.[9]

As another example, Government Code section 3543.2, subdivision (d), would allow a negotiated one-time *equal* distribution among all teachers (regardless of years of training and years of experience) of "extraordinary funds" (e.g., lottery receipts) as a bonus *in addition* to the remuneration authorized by the base salary schedule, notwithstanding Education Code section 45028. (69 Ops.Cal.Atty.Gen. 268 (1986).) By contrast, the policy at issue here satisfies neither the "additional compensation" nor the "other criteria" prong of Government Code section 3543.2, subdivision (d), and is thus governed by Education Code section 45028.

---

[8] Contrary to the association's assertion, *Wygant* did not hold unlawful "a salary placement policy very similar to the District's in the instant case." As it happens, the salary *schedules* in both *Mayer* and *Wygant* are similar to San Francisco's in that they apparently premise vertical movement beyond a certain step on a given number of years' service at the prior step. (*Mayer, supra,* 106 Cal.App.3d at p. 479, *Wygant, supra,* 168 Cal.App.3d at p. 325.) However, the salary placement *policy* governing movement from the last step of one column to the next column was not even at issue in those cases and remains unknown.

[9] The *Wygant* court expressly omitted consideration of Government Code section 3543.2, subdivision (d). (*Wygant, supra,* 168 Cal.App.3d at pp. 323, fn. 1, 328, fn. 2.)

■ Finally, the trial court's simultaneous confirmation of the Randall arbitration award has no res judicata effect since it does not constitute a final judgment on the merits of the issue presented by the writ petition: whether the district's placement policy violates Education Code section 45028. (*Sartor* v. *Superior Court* (1982) 136 Cal.App.3d 322, 327 [187 Cal.Rptr. 247].) A judgment is not final while an appeal is pending or until the time for appeal has expired. (7 Witkin Cal. Procedure (3d ed. 1985) Judgment, § 212, p. 649.) Nor would our later affirmance of the trial court's judgment confirming the award constitute a judgment on the merits, since the arbitrator's construction of the relevant statutes was not reviewable by either the trial court or this court.

The anomolies produced, insofar as placement of individual teachers on the salary schedule is concerned, by affirming the arbitration awards and reversing the judgment denying mandamus result unavoidably from the posture in which these cases were brought before us.

The judgments confirming each of the four arbitration awards are affirmed. The judgment denying the writ of mandate is reversed and the matter remanded with directions to issue a writ compelling the district to place certificated employees on its salary schedule in compliance with Education Code section 45028 as construed herein, with appropriate backpay and benefits.

Low, P. J., and Haning, J., concurred.