[No. B047874. Second Dist., Div. Five. Apr. 24, 1991.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Appellants, v.
GOVERNING BOARD OF LANCASTER SCHOOL DISTRICT et al., Defendants and Respondents.

**COUNSEL**

Charles R. Gustafson, Beverly Tucker, Rosalind D. Wolf and Robert E. Lindquist for Plaintiffs and Appellants.

Jones & Matson and Urrea C. Jones, Jr., for Defendants and Respondents.

## OPINION

### BOREN, J.—

#### INTRODUCTION

Teachers from the Lancaster School District contend that the district governing board has not paid its teachers on a uniform basis as required by Education Code section 45028. After rehearing this matter, we conclude that the trial court's reading of the statute was erroneous as a matter of law, but remand the case for further proceedings to resolve disputed factual issues raised as affirmative defenses.

#### FACTS

Appellants California Teachers Association and Teachers Association of Lancaster filed a petition for a writ of mandate against respondents, the Governing Board of the Lancaster School District and the district superintendent at that time, E. Jarold Wright, in June of 1988. Appellants contend that respondents are making unequal salary payments to Lancaster teachers having equal years of training and experience, in violation of Education Code section 45028.[1] The teachers are members of a collective bargaining unit.

Appellants sought to have the trial court order respondents to pay all teachers on a uniform basis in the future, and to give three years of back pay representing the difference between what the teachers were actually paid and what they would have been paid had salaries been uniform.

In opposition, respondents argued that the few teachers who are paid differently from the others were "grandfathered" because they were hired and their salaries were fixed before amendments to the Education Code requiring formulation of a salary schedule based on a uniform allowance for years of training and experience were adopted in 1969. They also contended that appellants had delayed unreasonably and were estopped from bringing this action because they had agreed to this salary differential as part of their collective bargaining agreement.

---

[1] Education Code section 45028, subdivision (a) provides: "Effective July 1, 1970, each person employed by a district in a position requiring certification qualifications, except a person employed in a position requiring administrative or supervisory credentials, shall be classified on the salary schedule on the basis of uniform allowance for years of training and years of experience. Employees shall not be placed in different classifications on the schedule, nor paid different salaries, solely on the basis of the respective grade levels in which such employees serve."

All statutory references are to the Education Code unless otherwise indicated.

In 1969, when the uniformity requirement now contained in section 45028 was enacted, the Lancaster School District's "General provisions applicable to teachers' salary schedule" (the General Provisions) provided that teachers hired on or *after* July 1, 1965, could not progress beyond certain steps within each of three different classifications.[2] Placement within a classification is based on a teacher's undergraduate and graduate education. Placement on a particular step within a classification is based on years of actual teaching experience.

Subsequently, in August of 1973, the district adopted an additional General Provision requiring those teachers who wished to advance to a higher classification to either further their education by taking graduate course work within two years or face the prospect of being frozen at their 1973-1974 salary level. This rule has been applied only to teachers hired *before* July 1, 1965, although the language of the rule itself is not so limited.[3] Advancement to a higher classification is also limited to one class per year.[4] The school district's purpose in adopting the salary increase limitations contained in the General Provisions was to encourage teachers to take course work beyond a bachelor's degree to improve their teaching skills for the benefit of the district's pupils.

The General Provisions were agreed to by the Lancaster Teachers Association in the first collective bargaining agreement between it and the district in 1976, and in each agreement since then. Appellants did not object to the General Provisions limiting salary increases until they filed this writ petition in 1988. As a result of the application of these provisions, two teachers were frozen at the step and class they had achieved during the 1973-1974 school year. The remainder of the teachers took additional course work and thereby qualified for placement in a higher salary bracket.

Appellants' petition was denied on October 30, 1989. The trial court concluded that the Education Code does not prohibit grandfathering of existing salary entitlements, that the district's limitations on the amount of

---

[2] General Provision No. 8 states: "Certificated employees entering the Lancaster School District on or after July 1, 1965, may not progress beyond Class A—Step 6; Class B—Step 8; Class C—Step 10 of the Basic Teachers' Salary Schedule."

[3] General Provision No. 9 reads: "Teachers on Class A—Step 6; Class B—Step 8; and Class C—Step 10 or below who advance from one Class to another will be allowed two (2) years (the current year and one additional year) to move to a higher Class or be frozen on the appropriate Step. (Adopted 8/21/73)"

[4] General Provision No. 10 provides: "Progress horizontally [meaning to a higher classification] shall be limited to one class each year. Such reclassification shall only occur on October 1st or March 1st. Proof of units completed may be accomplished by grade cards or letter from the college/university instructor, with official college transcripts to be submitted with 90 days after the date of reclassification."

training for which salary credit would be granted was uniformly applied, and that the parties could and did legally deviate from the precepts in the Education Code by drafting and performing under a written collective bargaining agreement. Finally, the court determined that any claims accruing more than three years before the filing of the petition were barred by the statute of limitations. The judgment denying the petition was entered on December 8, 1989.

## DISCUSSION

### 1. *Education Code Section 45028*

#### a. *"Grandfathering"*

■ Respondents believe that General Provision No. 8, which freezes the progress of teachers hired after July 1, 1965, was valid at the time it was adopted, and that therefore it is valid now despite the enactment of section 45028. They characterize the disparity created by provision No. 8 as a "grandfathering" of existing salary entitlements.

"Grandfathering" is not authorized by either the plain language of section 45028 or the case law interpreting that section. Section 45028 unequivocally states that *each* certificated employee in a school district *shall* be classified on the basis of uniform allowance for years of training and years of experience. The statute itself does not allow exceptions to be made for employees hired before the effective date of the enactment.

The cases applying section 45028 have interpreted it to apply across the board to all certificated teachers employed within a school district. In *California Teachers Assn. v. Board of Education* (1982) 129 Cal.App.3d 826 [181 Cal.Rptr. 432], for example, the Whittier School District had a rule which precluded teachers from receiving credit for years of experience solely accruing within the district. One of the teachers affected by this rule had 39 years of overall experience as a teacher in California public schools; another had 19 years of total experience. These individuals had been employed as teachers long before the uniformity requirement took effect in 1970. The Court of Appeal noted that the Whittier district's rule limiting advancement would have been valid had this case been decided prior to the statutory amendment. However, since Whittier's rule did in fact preclude teachers from receiving credit for experience solely accruing after the effective date of the statutory amendment, the rule was found to be a violation of section 45028. (129 Cal.App.3d at pp. 832-833.)

Although the salary differential problem in this case is precisely the reverse of the one presented in the Whittier case, the same analysis applies.

The Whittier rule operated to limit the advancement of longtime teachers; in our case, General Provision No. 8 operates to limit the advancement of teachers hired after 1965. In both cases, the affected teachers were employed by their respective districts before the uniformity requirement of section 45028 came into effect. In both cases, the districts' rules preclude certain teachers, but not others, from receiving credit for experience solely due to their seniority—or lack of seniority—within the school district. This is not permissible.

The Supreme Court, in the leading case of *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650 [147 Cal.Rptr. 359, 580 P.2d 1155], observed that some school districts, in order to comply with the new mandate of section 45028 requiring uniformity, would have to rerate all teachers in the district, a difficult and costly procedure. The court was not swayed by arguments that the Legislature could never have intended to require such a drastic result, and that the new requirement should therefore not be retroactively applied to employees hired before the effective date of the amendments to section 45028. The court wrote, "we must confess our inability to understand how a statute requiring that following its effective date, all certificated employees are to be classified according to a uniform allowance for training and experience, can be said to have a 'retroactive effect.' It cannot be gainsaid, of course, that persons employed prior to the effective date of the statute [footnote 9] may be affected by future reclassification. No suggestion has been made, however, that such a reclassification will entitle an employee to an adjustment in salary for periods before the effective date of the statute. Clearly the amendment is purely prospective in effect." (21 Cal.3d at p. 665.) Footnote 9 of the court's opinion states: "We reject as unfounded District's suggestion that the amended statute, in referring to 'each person employed by a district,' has reference only to persons who *enter into* an employment relationship with a district following the effective date of the amendment. The Legislature, had it wished to convey the latter meaning, would certainly have done so by appropriate language." (Italics in the original.)

This leaves no room for doubt that the intent of the Legislature in enacting section 45028, as interpreted by our Supreme Court, is that ALL certificated employees, regardless of their date of hire, are to be classified for salary purposes, and that such classification must proceed wholly on a uniform basis for years of training and experience. Lancaster's "grandfathering" scheme circumvents the intent of the state Legislature and the provisions of section 45028 by arbitrarily limiting the advancement of some teachers simply because they were hired on or after July 1, 1965.

b. *"Freezing"*

■ The effect of General Provision No. 9 is to freeze teachers who fail to complete additional course work within two years at their current salary level. General Provision No. 9 is similar to the scenario described in *Wygant v. Victor Valley Joint Union High School Dist.* (1985) 168 Cal.App.3d 319 [214 Cal.Rptr. 205]. In *Wygant,* the school district had a professional growth policy requiring that certified employees who wished to receive salary step increases complete a certain number of graduate courses within four years or risk being frozen on the salary schedule. The court observed that while it was appropriate for a school district to encourage teachers to further their professional growth, the district may not achieve this goal by formulating a policy which conflicts with the requirement of uniformity for years of training and experience. In other words, the district may not penalize those teachers who fail to acquire additional training by freezing future salary increases despite their acquisition of additional years of actual teaching experience. (168 Cal.App.3d at p. 329.)

In this case, as in the *Wygant* case, teachers are being penalized for their failure to undertake additional course work by being denied credit for their teaching experience, even if their teaching performance is satisfactory. General Provision No. 9 freezes employees who fail to move to a higher classification (i.e., by undertaking advanced course work) within two years, regardless of the fact that these employees are continuing to accrue additional years of experience. Those employees who do take the additional courses are not so penalized.

The appropriate method by which the district may accomplish its stated objective of encouraging advanced course work is to create a special salary category as an extra reward for those teachers who undertake advanced training. (*Wygant* v. *Victor Valley Joint High School Dist., supra,* 168 Cal.App.3d at pp. 328-329, citing *Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist., supra,* 21 Cal.3d at p. 657, fn. 3.) This comports with the Legislature's express intent not to limit the capability of school districts to develop pay incentive programs. (Stats. 1969, ch. 1314, § 3, p. 2651.)[5] Our Supreme Court has written, "[t]he fact that a district, in order to improve the level of academic attainment of its staff, chooses to do so by setting up special salary categories for those undertaking advanced training can in no way be said to conflict with the principle of uniform classification according to 'years of training and years of experience.'"

---

[5] The Legislature, in text not appearing in the Education Code, provided a statement of intent: "It is the intent of the Legislature in amending Section 13506 [now section 45028] of the Education Code as provided in Section 1 of this act to establish a uniform base salary schedule in each school district. It is not the intent of the Legislature in this act to limit a school district governing board in developing pay incentive programs."

(*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.*, *supra*, 21 Cal.3d 650, 660, fn. 5.)

The Lancaster School District has not established a special salary category to encourage advanced course work by adopting General Provision No. 9. The district's current salary structure impermissibly punishes employees who do not take advanced course work by denying them advancement for their additional years of actual teaching experience. Section 45028 requires that the district change its policy from one of punishment (where no graduate work means no advancement) to one of reward (where graduate work would mean additional compensation.)

c. *Limitation on Classification Advances*

■ General Provision No. 10 prohibits a teacher from advancing more than one classification on the salary scale in any one year. Once again, this policy violates the requirement of section 45028 that a uniform allowance be given for years of training. In this instance, the district is penalizing highly motivated teachers who obtain substantial advanced training by holding them down at the same classification level as teachers who have less advanced training. Although the district is entitled to make reasonable determinations as to the level and quality of training and experience necessary to qualify for advancement to a higher classification (*Palos Verdes*, *supra*, 21 Cal.3d at p. 661, fn. 6), it may not discriminate against teachers who have met the criteria for advancement to a higher classification by denying them full credit for their work.

In *California Teachers Assn.* v. *Board of Education, supra*, 129 Cal.App.3d 826, a school district rule permitted a teacher who was advanced to the next higher classification upon the attainment of additional education, to receive only a one-step increase for experience even though other teachers in the same classification and with experience equal to that of the newly advanced teacher had been placed at higher steps. Likewise in *San Francisco Classroom Teachers Assn.* v. *San Francisco Unified School Dist.* (1987) 196 Cal.App.3d 627 [242 Cal.Rptr. 352], the district's rule limited a teacher's step placement upon attainment of a new classification so that teachers within the classification rank with equal experience were not placed at the same step. In both cases the uniformity requirement of section 45028 was held to have been violated because employees within a classification who had the same years of experience were not placed at the same step on the salary schedule. In *San Francisco Classroom Teachers*, the Court of Appeal observed that "[i]t is not logical, however, to define experience as 'experience in a certain column of the salary schedule.'" (*Id.* at pp. 634-635,

citing *Wygant* v. *Victor Valley Joint Union High School Dist.*, *supra*, 168 Cal.App.3d 319, 327.)

The result here of General Provision No. 10 is similar although the teachers are not shortchanged as to experience but as to training. By precluding a teacher from advancing more than one classification rank in any one year, the district places teachers of equal experience and training in different columns of the salary schedule and thus does not treat them uniformly. The same salary disparity arises in practicality whether a teacher's salary level is contained by a step limitation or by a classification limitation. In either case, the principle of uniformity as set forth in *Palos Verdes*, *supra*, is violated.

### 2. Government Code Section 3543.2

■ The apparently blanket prohibition in section 45028 forbidding salary classifications not based on uniform allowances for training and experience is qualified by Government Code section 3543.2, subdivision (d), which states that "[n]otwithstanding Section 45028 of the Education Code, the public school employer and the exclusive representative shall, upon the request of either party, meet and negotiate regarding the payment of *additional compensation* based upon criteria *other than* years of training and years of experience. If the public school employer and the exclusive representative do not reach mutual agreement, then the provisions of Section 45028 of the Education Code shall apply." (Italics added.)

Respondents contend that the provisions of Government Code section 3543.2 apply in this case to permit a deviation from the uniformity requirements of section 45028 because the deviations were agreed to in the collective bargaining agreement between the parties. There are two reasons why this argument is unavailing.

First, the Education Code does not permit contractual waivers of the benefits guaranteed by section 45028. Section 44924 states, "Except as provided in Sections 44937 and 44956, any contract or agreement, express or implied, made by any employee to waive the benefits of this chapter or any part thereof is null and void."[6] Section 45028, the provision guaranteeing uniformity, is contained in the same chapter as section 44924. Moreover, the chapter of the Government Code which contains section 3543.2 and establishes a system of collective bargaining for school district employees provides that it "shall not supersede other provisions of the Education Code." (Gov. Code, § 3540.) Thus, section 45028 prevails over the collec-

---

[6]Neither section 44937 nor section 44956 is relevant to this case.

tive bargaining provisions in the Government Code, and may not be waived. (*California Teachers' Assn.* v. *Parlier Unified School Dist.* (1984) 157 Cal.App.3d 174, 183-184 [204 Cal.Rptr. 20].)

Second, the courts which have had occasion to consider the exception created by Government Code section 3543.2 agree that this statute does *not* permit school districts to completely circumvent section 45028 by simply arriving at a written agreement which eviscerates the purpose and import of section 45028. (*California Teachers' Assn.* v. *Livingston Union School Dist.* (1990) 219 Cal.App.3d 1503, 1522 [269 Cal.Rptr. 160].) It is clear that Government Code section 3543.2 has eroded the mandatory uniformity requirements of section 45028 *only* to the extent of allowing *additional compensation* based upon criteria *other than* years of training and years of experience. (*San Francisco Classroom Teachers Assn.* v. *San Francisco Unified School Dist., supra,* 196 Cal.App.3d 627, 635.)

The *San Francisco Classroom Teachers* case lists what "criteria 'other than years of training and years of experience'" might be employed to justify additional compensation under Government Code section 3543.2. These criteria included attendance and participation in conferences, workshops or forums, travel, organizational leadership, publication and business experience. (196 Cal.App.3d 627, citing *Wygant* v. *Victor Valley Joint Union High School Dist., supra,* 168 Cal.App.3d 319, 326.)

Here, as in the *San Francisco* case, the General Provisions adopted by the Lancaster School District are not based on criteria *other than* years of training and experience, nor do they establish a proper method of *additional* compensation. Rather, the General Provisions simply freeze salaries arbitrarily depending on the employees' date of hire, and they punish those who choose not to pursue additional course work.

3. *Remaining Issues*

We have concluded in the preceding sections that the trial court's interpretation and application of the operative statutes were erroneous. Because the trial court decided the case on legal grounds, it did not reach or make findings on the factual issues of laches, estoppel and unclean hands asserted as affirmative defenses in respondents' answer to the petition. Accordingly, the matter must be remanded to the trial court for a determination on these issues.

DISPOSITION

The judgment is reversed. The cause is remanded to the trial court to decide the merits of the affirmative defenses raised in respondents' answer to

the petition for a writ of mandate. If the defenses are found to be without merit, the trial court is ordered to grant the writ of mandate and to order respondents to rerate and reclassify affected teachers and to determine back pay in accordance with this opinion. Appellants are awarded costs on appeal.

Lucas, P. J.,* and Ashby, J., concurred.

Respondents' petition for review by the Supreme Court was denied July 17, 1991.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.